## KRUGER v. DUCKWALL ET AL.

[No. 11,103. Filed March 31, 1922. Rehearing denied June 2, 1922. Transfer denied October 10, 1922.]

1. APPEAL.—*Special Findings.*—*Failure of Court to Sign.*—*Effect.*—Where special findings of fact are requested, but the findings made are not signed by the trial judge, they will be treated as general findings only. p. 578.

2. JUDGMENT.—*Conclusiveness.*—*Correction after Term.*—*Validity.*—The jurisdiction of the court over its decrees terminates with the close of the term at which they were rendered, and a judgment may be amended, or corrected only at the term during which it was entered and not thereafter; hence, where the court at a subsequent term corrected its findings of fact and conclusions thereon and rendered a new judgment, such judgment was void. p. 578.

3. TRIAL. — *Incorrect Findings.* — *Remedy.* — *Motion for New Trial.*—A motion to reconsider special findings of fact is unknown to the practice in this state, the only remedy, if the facts are not correctly found, being by a motion for a new trial. p. 579.

4. APPEAL.—*Judgments Appealable.*—*Judgment Rendered Without Authority of Law.*—*Dismissal.*—Where the trial court entered judgment, and at a subsequent term, without authority of law, reconsidered its findings and conclusions thereon, and entered a new judgment, the second judgment, being void, was not appealable, and, there being no motion for new trial, and no appeal from the first judgment, it is binding on the parties. p. 580.

From Marion Circuit Court (32,577); *Harry O. Chamberlin,* Judge.

Action by William Duckwall and another against William G. Kruger. From a judgment for plaintiffs, the defendant appeals. *Appeal dismissed.*

*George W. Galvin,* for appellant.

*Frank A. Symmes, Garth B. Nelson* and *Frank S. Roby,* for appellees.

NICHOLS, J.—This action by appellees against appellant was commenced before a justice of the peace and afterward appealed to the Marion Circuit Court.

1. The action was for possession of real estate owned by appellees and occupied by appellant. The cause was submitted to the court for trial on February 1, 1921, at which time appellant requested special findings of fact and conclusions of law thereon, and on February 2, 1921, being the twenty-seventh judicial day of the January term of said circuit court, the court filed its findings of fact upon which it stated conclusions of law in favor of appellees, and rendered judgment thereon for possession of the real estate involved and for damages for the detention in the sum of $318.25. The findings of fact, however, were not signed by the court and hence are treated as general findings only. *Smith* v. *Goetz* (1898), 20 Ind. App. 142, 49 N. E. 386, 50 N. E. 397.

There was no motion for a new trial nor a motion of any kind to set the judgment aforesaid aside. On February 15, 1921, being the eighth judicial day

2. of the February term of court, appellant filed a motion to reconsider the special findings of fact and conclusions of law. We are not apprised as to the contents of the motion for it does not appear in the record. It was however, sustained, and the court thereupon set aside the aforesaid special findings of fact and conclusions and entered what is designated by appellant as a "corrected special finding of facts and conclusions

of law" upon which the court again entered judgment
in favor of appellees.   From this last alleged judgment
appellant prosecutes this appeal, assigning as error the
court's conclusions of law.   Appellees have filed their
motion to dismiss the appeal contending that the judg-
ment of the Marion Circuit Court rendered at the Janu-
ary term, 1921, is in full force and effect, and that the
special findings of fact and conclusions of law and judg-
ment rendered at the February term, 1921, of said court
are each a nullity.   There is merit in this contention.
15 R. C. L., Judgments, §129, after stating that
the general power of a court of record over its own
judgments, orders and decrees during the existence of
the term at which they were first made is undeniable,
then states:   "But it is also a rule of the common law
that the jurisdiction of the court over its decrees ter-
minates with the close of the term at which they were
rendered, and the judgment may be amended or cor-
rected only at the term during which it was entered and
not thereafter."   Many authorities are cited to sustain
this principle.   To this effect see, *Brackenridge* v.
*M'Culloch* (1844), 7 Blackfd. 334; *Blair* v. *Russell*
(1849), 1 Ind. 516; *Bland* v. *State* (1851), 2 Ind. 608.

Under §405 Burns 1914, §396 R. S. 1881, relief from
a judgment by default may be had, and under §645
Burns 1914, §615 R. S. 1881, by proper proceed-
3.  ing a judgment may be reviewed but there is no
claim here that such statutory relief is sought.
A motion to reconsider the special findings of fact, such
as we assume the appellant's motion to have been, is not
known to our practice.   The only remedy, if the facts
are not correctly found, is by a motion for a new trial.
*Chicago, etc., R. Co.* v. *State* (1902), 159 Ind. 237, 64
N. E. 860; *Gas Light, etc., Co.* v. *City of New Albany*
(1902), 158 Ind. 268, 274, 63 N. E. 458; *Citizens' Trust
Co.* v. *National, etc., Supply Co.* (1912), 178 Ind. 167,

98 N. E. 865, 41 L. R. A. (N. S.) 695; *Delaney* v. *Gubbins* (1914), 181 Ind. 188, 104 N. E. 13; *Hatfield* v. *Rooker* (1914), 56 Ind. App. 1, 104 N. E. 798; *Todd* v. *Howell* (1911), 49 Ind. App. 59, 96 N. E. 618.

No such motion having been filed, we hold that the judgment of the trial court entered in the January term, 1921, is the final judgment in this cause and is the judgment by which the parties are now bound. In other words, the proceedings and purported judgment entered in the February term were without authority of law. The judgment rendered in the January term was not affected thereby and is therefore in full force and effect, and no appeal having been taken therefrom, this appeal is dismissed.