## SUTTON v. STATE OF INDIANA.

[No. 24,308.   Filed April 11, 1924.]

1. CRIMINAL LAW.—*Appeal from City Court.*—*Time for Taking.* —*Suspended Sentence.*—*Statutes.*—An appeal from a city court to the circuit court in criminal cases must be taken "in the same manner as provided by law for appeals from justices of the peace" (Acts 1921 p. 410, §8843 Burns' Supp. 1921) and an appeal from a justice of the peace in a criminal case must be taken "within ten days after such judgment" (Acts 1905 p. 584, §1949 Burns 1914), regardless of the fact that the judgment was suspended, as a judgment that is suspended is still in effect, but execution of the sentence is stayed by the order suspending it.   p. 482.

2. CRIMINAL LAW.—*Suspended Judgment.*—*Time for Appeal.*— A judgment that is suspended is still in existence, and is a final judgment, from which an appeal may be taken, the only effect being to stay the execution of the sentence by the order suspending it, and the suspension of the judgment does not extend the time for taking an appeal therefrom [*Walther* v. *State* (1913), 179 Ind. 565, and *Montgomery* v. *State* (1914), 182 Ind. 276, in so far as they hold that a judgment that has been suspended is a mere interlocutory order, are overruled.] p. 482.

From Vanderburgh Circuit Court; *Phillip C. Gould,* Judge.

Prosecution by the State of Indiana against Finis Sutton in the city court of Evansville, from which, after a suspension of judgment, the defendant attempted to appeal to the Vanderburgh Circuit Court. From an order of the circuit court remanding the case to the city court, the defendant appeals. *Affirmed.*

*W. D. Hardy,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White* and *Connor D. Ross,* Deputies Attorney-General, for the State.

EWBANK, C. J.—Appellant was prosecuted on the charge of keeping intoxicating liquor with intent to sell, etc., and on October 27, 1922, the city court of Evans-

ville found him guilty and adjudged that he be fined $100, with $30 costs, and imprisoned thirty days in the jail, and it was "ordered that the entire sentence be suspended during the good behavior of said defendant, and that he close his place of business." Nothing more was done in the matter until after the expiration of more than ten days. But on December 9, the city court ordered that appellant be brought before it on this charge, and on December 13, after a hearing, revoked the suspension of sentence and ordered that he be committed to serve the original sentence. Thereupon appellant gave a recognizance bond for an appeal to the circuit court, and the matter was certified to that court. But a week later, on motion of the prosecuting attorney, the circuit court dismissed the appeal, ordered the cause remanded to the city court, and adjudged the costs against appellant. From the judgment remanding the case, he has appealed to this court.

An appeal from the city court to the circuit court may be taken "in the same manner as provided by law for appeals from justices of the peace." §2, Acts 1921 p. 410, §8843 Burns' Supp. 1921. And an appeal by a prisoner against whom punishment is adjudged by a justice of the peace must be taken "within ten days after such judgment." §81, Acts 1905 p. 584, §1949 Burns 1914. The only question presented for decision in this case is whether an appeal taken on the day the order of suspension was revoked was within ten days after the judgment which had been entered forty-seven days before, but had been suspended during good behavior.

A city court has power "to suspend or to withhold judgment * * * as now provided by law for the circuit and criminal courts of this state." §8843 Burns' Supp. 1921, supra. And, in cases of misdemeanor, the circuit and criminal courts have power

"upon the entry of judgment of conviction  *  *  *
to suspend such sentence and parole such person by an
order of such court duly entered of record as a part of
the judgment  *  *  *. In case the sentence shall be
to a jail or workhouse by a circuit court, it may be
suspended and the person sentenced placed under the
supervision of a probation officer in such county au-
thorized by the juvenile court law. If such sentence
shall be imposed by a criminal court, it may be sus-
pended and the person sentenced placed under the
supervision of some discreet person who will agree to
accept such oversight and serve without pay, making
such reports to the court as required. In case the of-
fense of which such person shall have been convicted
as aforesaid is a misdemeanor only, or in counties where
there is no probation officer, such court shall have power
to suspend the judgment and parole such person as
aforesaid, upon such terms and conditions as to such
parole as such court may in its judgment and discretion
deem right and proper, and by its judgment fix and
provide." Acts 1919 p. 843, §2174 Burns' Supp. 1921.

The statute above quoted also provides for the sus-
pension of sentence and parole of a prisoner upon his
conviction of a felony (except in certain cases), and
that, when this is done, the warden or superintendent
of the penal or correctional institution to which the per-
son is sentenced shall be notified, and shall have the
oversight of the person released on probation in a man-
ner as stated until he shall have completed the term of
his minimum sentence, when, if the suspension of his
sentence has not been revoked, the facts shall be certi-
fied to the judge of the court committing him, who shall
revoke his sentence and release him.   §2174 Burns'
Supp. 1921, *supra.*

Under the provisions of this statute, a judgment of

conviction takes effect immediately to the extent of putting the defendant upon parole, under the supervision of somebody with power over him, and if he remains under such supervision long enough, that fact satisfies the judgment. This being true, a judgment that is suspended is still a final judgment, although execution is stayed by the order suspending it, and is not a mere interlocutory order. Therefore appellant had only ten days after the judgment of conviction was rendered in which to repeal. The fact that an order suspending the sentence was entered did not extend the time allowed for appealing to the circuit court, which expired with the lapse of ten days after the original judgment was rendered in October.

Appellant's right to appeal from the judgment of the city court having expired ten days after the judgment was entered, notwithstanding the order suspending the sentence, no error was committed in dismissing the appeal which appellant tried to perfect by filing a recognizance on the forty-seventh day.

Appellant cites and relies upon the cases of *Walther* v. *State* (1913), 179 Ind. 565, 101 N. E. 1005, and *Montgomery* v. *State* (1914), 182 Ind. 276, 106 N. E. 370. But in so far as those cases may be understood to hold that a judgment convicting a defendant of a criminal offense and sentencing him to the payment of a fine and to imprisonment was a mere interlocutory order from which no appeal would lie, because of a further recital in the entry of judgment that "the execution of the sentence herein imposed and the payment of the fine and costs be suspended during the defendant's good behavior, and that he be permitted to go at liberty, on probation, so long as he behaves well", those cases are overruled. Though it is doubtless true, as was stated in the opinion of the court in *Walther* v. *State, supra,* that a defendant may waive his right to appeal, either.

expressly or by acts which' amount to an estoppel against taking an appeal.

The judgment is affirmed.