## HADEN *v.* DOWD, WARDEN

[No. 27,279.   Filed November 28, 1939.   Rehearing denied
December 22, 1939.]

Oscar B. Thiel, for appellant.

Omer S. Jackson, Attorney General, and Hubert E. Dirks, Deputy Attorney General, for the State.

FANSLER, J.—The appellant sought to be discharged from the custody of the warden of the Indiana State Prison by a habeas corpus proceeding in the Circuit Court of La Porte County. A writ issued, but upon motion it was quashed. The appellant refused to plead further and there was judgment against him.

It appears from appellant's petition that an affidavit was filed against him in the Superior Court of St. Joseph County, charging him in three separate counts with robbery, robbery while armed, and automobile banditry; that he entered a plea of guilty and there was judgment, regular in form, sentencing him for twenty-five years upon the first count, for ten years upon the second count, and for twenty-five years upon the third count; that by the terms of the judgment the sentences upon the first and third counts were to run concurrently, and the sentence upon the second count was to begin at the expiration of the sentence upon the first count. It further appears that he is held in custody by reason of a commitment issued in execution upon this judgment.

It is asserted in his petition and in the briefs and argument before this court that the judgment is void for the reasons: (1) That the Superior Court of St. Joseph County was without jurisdiction to sentence him for more than one of the offenses charged; that it exhausted its jurisdiction by finding him guilty of the greatest offense; and that it had no jurisdiction to cause sentences to run consecutively; and (2) that he was not represented by counsel, and was not sufficiently advised

of his constitutional right to have counsel; that "he did not intelligently waive his right to be represented by counsel and did not intelligently enter plea of guilty to the affidavit"; that before entering his plea it was represented to him by the prosecuting attorney that if he would enter a plea of guilty he would see that no greater sentence than ten years would be imposed upon him; that he entered a plea of guilty with this understanding, and that without his consent, and contrary to such representations, he was sentenced to thirty-five years in prison.

The Superior Court of St. Joseph County has general jurisdiction to try criminal cases within that county. It appears from the appellant's petition for habeas corpus that an affidavit was filed charging him with three felonies. Prosecution by affidavit is authorized by the statute. He was before the court in person and entered a plea of guilty. The Superior Court had jurisdiction to construe the statute and the law, and determine what judgment could be and should be entered against him. It had power and jurisdiction to decide whether he desired counsel, and whether he waived the right to counsel with a full understanding of his constitutional rights. It has often been said that jurisdiction to decide involves the power to decide wrong or erroneously. Since the Superior Court of St. Joseph County acquired jurisdiction of the defendant's case and of him, no other state court of general jurisdiction can wrest from that court jurisdiction to decide questions arising in that case, and no other state court of general jurisdiction has jurisdiction to pass upon and determine whether the Superior Court of St. Joseph County acted erroneously or abused its judicial discretion. We are not concerned here with the question of whether or not the judgment of the

Superior Court of St. Joseph County is erroneous, or whether that court erroneously permitted the defendant to enter a plea of guilty without being represented by counsel. We are concerned only with the jurisdiction of the Circuit Court of La Porte County to decide whether or not the Superior Court of St. Joseph County was guilty of error or abuse of discretion. That it has no such jurisdiction has been repeatedly decided by this court. Under our statute the La Porte Circuit ·Court had no jurisdiction to proceed further after it was made to. appear that the petitioner was held in custody under final process issued out of another court of co-ordinate jurisdiction pursuant to the judgment of that court in which it had jurisdiction of the subject-matter and of the person of the petitioner. ·

The Superior Court, having the petitioner before it in person, had jurisdiction to decide whether it had acquired jurisdiction of his person and jurisdiction to proceed to judgment, and, since it did proceed to judgment, it must be conclusively presumed to have decided that it had jurisdiction to so proceed. The principles have been so often discussed that no citation of authority is deemed necessary. The judgment against the petitioner is clearly sufficient to bar a second prosecution. It follows that it is not void.

The appellant relies upon *Johnson* v. *Zerbst, Warden* (1938), 304 U. S. 458, in which it is held that one federal district court has power to investigate the manner in which another federal court of equal jurisdiction has conducted the trial of a criminal case, and if there was an abuse of discretion in respect to furnishing counsel for the defendant, or if it is believed that the defendant had not intelligently and competently waived the right to counsel, the appli-

cant might be discharged upon the theory that the judgment of the court in which the conviction was had is void for want of jurisdiction. In *State ex rel. Kunkel et al.* v. *Circuit Court of La Porte County* (1936), 209 Ind. 682, 200 N. E. 614, and in other cases, this court has noted that jurisdiction of the federal courts to entertain petitions for habeas corpus has been broadened by statute. This court has not been unmindful of the constitutional provisions, both state and federal, insuring the advice of counsel to a defendant in a criminal case. See *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1; *Bielich* v. *State* (1920), 189 Ind. 127, 126 N. E. 220; *Batchelor* v. *State* (1920), 189 Ind. 69, 125 N. E. 773. But we are not here concerned with constitutional rights. Where constitutional rights are invaded or denied by courts of general jurisdiction, there are well-known remedies provided. The sole question with which we are concerned here is one of jurisdiction.

Assuming that the trial court erred in the sentence as charged, and that the defendant's right to have counsel was not adequately protected, the remedy does not lie within the jurisdiction of the Circuit Court of La Porte County. The Act of Congress broadening the jurisdiction of federal courts with respect to habeas corpus does not affect in any way the jurisdiction of our courts of general jurisdiction.

Judgment affirmed.