SLACK *v.* GRIGSBY.

[No. 28,673. Filed March 5, 1951. Rehearing denied April 26, 1951.]

336

*J. Emmett McManamon,* Attorney General; *Merl M. Wall* and *Charles F. O'Connor,* Deputy Attorneys General, for appellant.

*Charles M. Cochran,* County and Pauper Attorney of Clay County; *Kenneth C. Miller* (of counsel), of Brazil, for appellee.

DRAPER, J.—On July 14, 1938, Roy Grigsby, the appellee, was indicted for murder in the first degree in Clay County, Indiana. On his plea of guilty entered the same day he was adjudged guilty as charged and sentenced to the Indiana State Prison for the rest of his natural life.

On September 16, 1948, he filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Indiana. The matter was there heard on September 12, 1949. It resulted in the discharge of appellee from the custody of the warden on September 23, 1949.

On September 22, 1949, a warrant was issued out of the Clay Circuit Court on the basis of the original indictment for murder in the first degree. By virtue thereof, the appellee was arrested by the Sheriff of Clay County on September 23, 1949, and incarcerated in the county jail of Clay County.

On September 27, 1949, he filed his petition for writ of habeas corpus in the Clay Circuit Court, and such proceedings were thereafter had that on the 9th day of January, 1950, judgment was entered in favor of the appellee and he was released from custody. From that judgment the sheriff appeals.

In substance the petition for writ of habeas corpus filed in the Clay Circuit Court alleges: That petitioner was indicted for murder in 1938. He was arraigned and entered a plea of guilty and was sentenced to the Indiana State Prison for the rest of his natural life. That said judgment has never been set aside by any duly elected Judge of the Clay Circuit Court, nor has said judgment been reversed by the Supreme Court of Indiana, and that said judgment is still in full force and effect; that to the best of petitioner's knowledge he was arrested on September 23, 1949, by the sheriff of Clay County, under the color of and upon a

pretended warrant issued out of the Clay Circuit Court in 1949, pursuant to the indictment upon which he had previously been convicted and that the resulting incarceration was illegal.

Appellant's motion to quash was overruled.

The appellant thereupon filed return and answer, the pertinent part of which reads in substance as follows: That petitioner was indicted for the crime of murder by a jury, and that a warrant was issued on such indictment. That petitioner was arraigned, pleaded guilty, sentenced to life imprisonment, and was committed to the Indiana State Prison. That he filed a writ of habeas corpus in the United States District Court for the Northern District of Indiana alleging he was unlawfully held pursuant to a void judgment. That upon hearing of said petition the judgment of the Clay Circuit Court was set aside and petitioner ordered released from custody. That a bench warrant was later issued on the basis of the original indictment, and that petitioner is being held to await trial on such indictment.

The court sustained appellee's exceptions to the return and answer.

Exhibited with the return and answer are copies of the indictment; the original warrant and return; the original judgment and commitment; the petition filed in the United States District Court; the memorandum opinion and order of that court; the warrant issued for appellee's arrest in 1949 and the sheriff's return thereto.

When the allegations in a pleading vary from the provisions of the instrument upon which it is founded, the exhibit itself is controlling and must be looked to rather than to the allegations made concerning it. 1 Lowe's Rev., *Works' Indiana*

*Practice*, § 12.75; *Flanagan on Ind. Pldg. & Procedure*, § 67, p. 122. Invoking that rule the appellee says the return and answer does not in fact allege that appellee was held pursuant to a void judgment, nor does it allege that the District Court vacated and set aside the judgment of the Clay Circuit Court.

The petition filed in the United States District Court alleged, "for cause of action arising under the Fourteenth Amendment of the Constitution and laws ■ of the United States of America," that appellee's imprisonment was unlawful and violative of the "due process" and "equal protection" clauses of the United States Constitution by reason of the fact, among others, that he entered his plea of guilty without benefit of counsel and without being advised concerning his right thereto. The petition did not allege in terms that the appellee was being unlawfully held pursuant to a void judgment of the Clay Circuit Court, but it did allege facts which, if true, would make it clear that the appellee pleaded guilty and was convicted under circumstances which withheld the substance of a fair trial and constituted a denial of justice. The District Court interpreted the petition as alleging that the appellee's conviction and sentence were "void for the reason that the procedure which led to them was contrary to the established concepts of due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States." We likewise so construe it. Otherwise construed, we think the appellee's petition in the United States District Court would have been insufficient, for the illegality of appellee's detention depended upon the invalidity of the judgment of the Clay Circuit Court.

The order of the United States District Court entered on September 19, 1949, reads as follows: "An

order will be entered discharging the petitioner from the custody of the respondent. To afford the State of Indiana an opportunity to proceed further in the prosecution of the petition, the order will not be entered until September 23, 1949." The appellee is, therefore, right in his contention that the District Court did not vacate or set aside the judgment of the Clay Circuit Court, and it did not attempt to do so. We, therefore, construe the return and answer as alleging that the petition filed in the United States District Court did allege that the appellee was unlawfully held pursuant to a void judgment; and that it further alleged that the judgment of the United States District Court ordered that the appellee be released from the custody of the warden, but it did not allege that the judgment of the Clay Circuit Court was vacated and set aside by the District Court.

Incidental questions of procedure have been raised by the appellant, and the question of the sufficiency of the appellee's petition for writ of habeas corpus filed in the Clay Circuit Court has been briefed and argued. However, in view of the result we have reached, we feel it best to decide this case on the issue raised by the appellee's exceptions to the return and answer, and so the question before us for decision is whether the return and answer shows facts sufficient to justify the further detention of the appellee by the sheriff of Clay County, or in other words, the question for decision is, as stated by the appellee: "Can a prisoner released by the warden of the State Prison upon the order of a Federal District Court in a habeas corpus proceeding be legally re-arrested and held in custody upon a pretended warrant purporting to be based upon the original indictment to which the petitioner pleaded guilty, and upon which he was sentenced, when no proceedings are present in the criminal case setting aside, re-

versing or vacating the judgment, or authorizing the issuance of such a new warrant?"

As heretofore stated, on September 22, 1949, a warrant based on the original indictment was issued. It was signed by the Clerk of the Clay Circuit Court. The record as presented to us does not disclose whether any order was made directing the issuance of that warrant. The appellee calls our attention to this fact in the "Argument" portion of his brief, but cites no authority or reason for holding the warrant invalid by reason thereof. Any question regarding the validity of the warrant in that respect is, therefore, waived under Rule 2-17.

It has been held in Indiana that a state court has no jurisdiction to examine or review a final judgment of another state court of coordinate jurisdiction regular on its face and so far as state courts are concerned, one's remedy for the invasion or denial of constitutional rights, state or federal, must be sought in the court in which judgment was rendered or in this court on appeal. *Dowd, Warden* v. *Anderson* (1942), 220 Ind. 6, 40 N. E. 2d 658; *Haden* v. *Dowd, Warden* (1939), 216 Ind. 281, 23 N. E. 2d 676; *State ex rel. Kunkel* v. *Laporte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614.

But a federal district court does have the right, in habeas corpus proceedings, to investigate the manner in which a court of this state has conducted the trial of a criminal case, and to discharge the petitioner when the requirements of due process have not been satisfied, and justice or a fair trial was thereby denied.[1] *Mitchell* v. *Youell* (C. C. A. 4th, 1942), 130 F. 2d 880; *Jones* v. *Commonwealth of Kentucky*

---

[1] No question concerning the exhaustion of state court remedies is presented in this case.

(C. C. A. 6th, 1938), 97 F. 2d 335; *Johnson* v. *Zerbst* (1938), 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019; 146 A. L. R. 357, 403-405, 406-412.

When the allegations of appellee's petition were established by the evidence in the United States District Court, that court had the right, and it was its duty, to discharge the appellee from the custody of the warden, for the Clay Circuit Court had deprived itself of jurisdiction to proceed to a judgment of conviction against the appellee. *State ex rel. Rose* v. *Hoffman, Judge* (1949), 227 Ind. 256, 261, 85 N. E. 2d 486; *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, 130 A. L. R. 1427; *Johnson* v. *Zerbst, supra.* We are not called upon to decide whether the District Court could formally vacate and set aside the judgment of the Clay Circuit Court. It did not attempt to do so. It did free the appellee and to do so must have found, as alleged in the appellee's petition then pending before it, that the judgment of the Clay Circuit Court was void for want of jurisdiction.

An accused is not put in jeopardy by a judgment of conviction which is void for lack of jurisdiction. When discharged thereunder he may again be arrested and prosecuted on the original indictment. *Mitchell* v. *Youell, supra; McCleary* v. *Hudspeth* (C. C. A. 10th, 1941), 124 F. 2d 445; *Levine* v. *Hudspeth* (C. C. A. 10th, 1942), 127 F. 2d 982. In *Mitchell* v. *Youell, supra,* Mitchell filed a petition for writ of habeas corpus in a federal district court in which he asserted, as did the appellee here, that his conviction and sentence in a state court were had under such circumstances as to amount to a denial of due process of law in violation of the 14th amendment to the Constitution of the United States. The evidence disclosed that he had been tried and sentenced for the crime of

burglary without benefit of counsel, under circumstances which made the aid of counsel essential to the fair and impartial trial which due process contemplates. The court said:

"Under these circumstances, we do not think that it can be said that the petitioner has been accorded due process of law as guaranteed by the 14th amendment to the Constitution. While he has had the outward form of a trial, he has been denied the opportunity of having his defense really presented. The trial and sentence of the state court must accordingly be held for naught. Powell v. Alabama, supra; Smith v. O'Grady, supra; Boyd v. O'Grady, supra. This does not mean, however, that petitioner may escape further punishment under the bill of indictment returned against him. While the conviction and sentence under the bill must be held to be void and the prisoner released from further service of the sentence, he will be subject to arrest and trial under the indictment. The defense of prior jeopardy will not protect him, for in holding that the trial was a nullity, we hold that he has not been in jeopardy under the charge. It is settled that an accused is not put in jeopardy by a void judgment of conviction, and that upon his discharge thereunder he may be again arrested and prosecuted. Bryant v. United States, 8 Cir. 214 F. 51; Ogle v. State, 43 Tex. Cr. R. 219, 63 S. W. 1009, 96 Am. St. Rep. 860 and note at page 870; State v. Bates, 22 Utah 65, 61 P. 905, 83 Am. St. Rep. 768; Marshall v. State, 73 Tex. Cr. R. 531, 166 S. W. 722, L. R. A. 1915A, 526 and note; 16 C. J. p. 258; 22 C. J. S., Criminal Law, § 266, p. 402. In directing the release of the petitioner from the penitentiary, therefore, the court should direct that he be delivered to the officers of the State of Virginia to answer the charge contained in the indictment. Bryant v. United States, supra; In re Bonner, 151 U. S. 242, 14 S. Ct. 323, 38 L. Ed. 149."

It would seem strange indeed if a party could in one court successfully assert the invalidity of a judgment

of conviction, and so obtain his release, and in another court successfully assert that the judgment of conviction is "still in full force and effect" so as to avoid further prosecution of the charge against him.

It is true, as appellee says, that "The record is silent as to any proceedings having ever been taken, filed in, acted upon, or recognized by the trial court, as in anywise affecting the subsistence, continuation and effectiveness of the judgment of conviction and sentence in the original criminal prosecution." That fact should not present an insuperable barrier to proceeding further on the original indictment in any case. In *McCleary* v. *Hudspeth, supra,* one McCleary was convicted, on his plea of guilty, of violating the postal laws in the District Court of the United States for the Western District of Pennsylvania. On an application for writ of habeas corpus filed in the District Court of Kansas which alleged that he was denied the assistance of counsel for his defense in the proceedings in Pennsylvania, the District Court for the District of Kansas ordered that he be discharged from the custody of the warden of the penitentiary in which he was confined and delivered to the United States Marshal for the Western District of Pennsylvania. A bench warrant was accordingly issued on the original indictments and McCleary was returned to jail in Pennsylvania. Thereafter, the District Attorney for the Western District of Pennsylvania filed a motion to vacate the pleas of guilty theretofore entered by the petitioner to the indictments and a rule was entered upon petitioner and his counsel to show cause why the pleas of guilty should not be declared void and vacated. The petitioner agreed and the order was entered vacating the pleas and the judgments theretofore entered. He was thereupon again arraigned and pleaded not guilty

and upon trial was convicted and sentenced. The procedure adopted there could be followed in such cases in our trial courts. It does not seem to us that, under circumstances like the present, a party could, or would attempt to prevent the vacation of his plea of guilty, but, should he contest the motion to vacate, the court would decide the issue and enter his order accordingly.

If the allegations of the return and answer were true, and by his exceptions thereto the appellee admitted them to be true, it was apparent that the original judgment of the Clay Circuit Court had, at the instance of the appellee, been rendered entirely nugatory by a court having the absolute right so to do. The judgment was void for want of jurisdiction. The substance was gone, but the shadow remained, and the records of the Clay Circuit Court reflected a judgment which was non-existent.

In 31 Am. Jur., Judgments, § 760 at p. 298, the following is said concerning judgments in civil cases: "As to an act or omission rendering the judgment void, it is well settled that even though a void judgment is a nullity and may be ignored by those whose rights are attempted to be affected thereby, a court will not permit such a judgment to encumber the record, but will vacate the ineffectual entry thereof on proper application, although the application is made after the term of the rendition of the judgment. Even the lapse of a period of years does not necessarily preclude relief, which is sometimes declared available regardless of what length of time has intervened since the rendition of the judgment. Laches does not operate to preclude the opening or vacating of a void judgment, for the reason that no amount of acquiescence can make it valid." No reason is seen why, under the circumstances existing here, it should not apply to criminal cases.

The law is not static. "Courts do not exist in a vacuum." The expanded authority recently assumed by federal courts under the "due process" clause of the 14th amendment has created new problems for state courts. Rules of procedure must of necessity be flexible enough to meet changing conditions. Courts possess inherent procedural authority, not derived from any statute, *Partlow* v. *State* (1924), 195 Ind. 164, 144 N. E. 661, and in this state the power to prescribe rules of practice and procedure has also been conferred by statute. Burns' 1946 Replacement, § 2-4718. This court has not hesitated in the past, when confronted with the "possibilities of a miscarriage of justice to the detriment of society" to break new procedural ground. *State ex rel. Emmert* v. *Hamilton Circuit Court* (1945), 223 Ind. 418, 61 N. E. 2d 182.

If, upon proper motion and proof in the original criminal case, the situation here existing were made to appear, it would be the duty of the trial court to vacate and set aside the plea of guilty and all other proceedings thereafter had in that case. The appellee could then be arraigned and afforded a full and fair trial on the original indictment.

The court erred in sustaining the appellee's exceptions to the return and answer. Judgment reversed with instructions to overrule the same.

Gilkison, J., dissents with opinion.

## DISSENTING OPINION

GILKISON, J.—I am unable to agree with the majority opinion for the following reasons:

The record conclusively shows that in the Clay Circuit Court appellee was by indictment regularly

charged with the offense of murder in the first degree on July 14, 1938; that a bench warrant was regularly issued on the indictment, and placed in the hands of the sheriff for service, and it was served and returned on that date. On the same date, July 14, 1938, judgment was rendered in the cause as follows:

"State of Indiana
    v.
Roy Grigsby            No. 2313 Crime Murder

"Comes now the State of Indiana, by Roy V. Tozer, Prosecuting Attorney, and the warrant being duly returned, the defendant, Roy Grigsby, appears in court and being duly arraigned, enters a plea of guilty, and on his plea of guilty the court finds said defendant guilty of the crime charged namely Murder in first degree as charged in indictment.

"It is therefore, ordered and adjudged by the court that said defendant, Roy Grigsby, for the offense by him committed be imprisoned in the Indiana State Prison for the rest of his natural life.

"It is further ordered by the court that said defendant is thirty-three (33) years of age.

"And the clerk of this court is ordered to make commitment accordingly, and this cause is ordered stricken from the docket.

"Ordered that the court now adjourn until 9 A.M. tomorrow.

"Record read and signed in open court this 15th day of July, 1938.

                John W. Baumunk,
                Judge of the 13th Judicial Circuit."

On a commitment issued on this judgment appellee was imprisoned in the Indiana State Prison from June 14, 1938, until September 23, 1949, when he was ordered released by the United States District Court for the Northern District of Indiana, upon his habeas

corpus action in that court, for the reason that he had been denied due process of law as required by Sec. 1 of the 14th Amendment of the Constitution of the United States. I agree with the majority opinion, "that the District Court did not set aside the judgment of the Clay Circuit Court" but I cannot agree with other reasoning in the opinion, hereinafter discussed, that completely nullifies this statement. To me it seems that the District Court's decision left the judgment of the Clay Circuit Court wholly undisturbed and quite controlling upon the parties and the courts.

As stated in the majority opinion: ". . . a warrant was issued out of the Clay Circuit Court on the basis of the original indictment for murder in the first degree." This warrant was signed by the Clerk of the Clay Circuit Court. The record does not disclose any order of the court or judge directing the issuance of this warrant. Of course, this record purports absolute verity. This pretended warrant was issued September 22, 1949, served on appellant September 23, 1949, by the Clay County sheriff at the prison at Michigan City, Indiana, more than eleven years after he was committed for the crime charged, and he was immediately removed to and incarcerated in the Clay County Jail at Brazil, Indiana, wholly upon the authority of such pretended warrant. Under such conditions, even if the record did not show as above noted, it is our duty to indulge a presumption, in favor of the judgment of the trial court, that the pretended warrant was issued by the clerk without any order or direction from the court or judge. It purports to be a bench warrant. Such warrants can be issued only upon the direction of the court or judge. §§ 9-1001, 9-1003, Burns' 1942 Replacement. This court will search the record to find a reason for affirming a judgment of the trial court. *Kraus* v. *Lehman* (1908), 170 Ind. 408, 415, 83 N. E.

714, 84 N. E. 769, and cases cited; *McCowen, Probst, Menaugh Co.* v. *Short* (1918), 69 Ind. App. 466, 476, 118 N. E. 538, 119 N. E. 216. That the warrant was not issued by the order or direction of the court or judge was a sufficient reason for the ruling of the trial court sustaining the exceptions to appellant's return and answer. Since the trial court's record in the original action against appellant shows, as before noted, that a final judgment against appellant had been rendered and fully executed on July 14, 1938; and further shows that the cause was then "ordered stricken from the docket"; that this judgment had not been appealed from and reversed, or set aside and had not been otherwise amended or modified in the court where it was rendered the cause was and is wholly res judicata, and the trial court was without any jurisdiction whatever to issue an alias warrant for appellant in the case. When the warrant was issued the criminal case was not even on the court docket. It had been stricken therefrom more than eleven years before when the final judgment was rendered. The trial court was quite right in not directing or ordering another warrant. See *Walther* v. *State* (1913), 179 Ind. 565, 567, 101 N. E. 1005; *Sutton* v. *State* (1924), 194 Ind. 479, 143 N. E. 353.

The opinion says the warrant "was signed by the clerk of the Clay Circuit Court. The record as presented to us does not disclose whether any order was made directing the issuance of that warrant. The appellee calls our attention to this fact in the 'argument' portion of his brief, but cites no authority or reason for holding the warrant invalid by reason thereof. Any question regarding the validity of the warrant in that respect is, therefore, waived under Rule 2-17." This rule upon which the opinion bases its claim of waiver specifically applies only to appellant's briefs—it does not apply

to briefs by appellee. Our rule covering the require-
ments for briefs of appellee is Rule 2-18. It does not
contain waiver clause (f) as found in Rule 2-17. Clause
(f) is as follows:

"Appellant's brief shall be indexed. Errors as-
signed and causes for a new trial not treated
as herein directed shall be deemed to be waived."

Appellee, having won the case below, of course has
assigned no errors and filed no motion for new trial.
He has waived nothing on this appeal. I think the opin-
ion is in error in refusing to consider the point directly
presented by appellee in the argument portion of his
brief. This court will search the record for reasons to
affirm the trial court, but not to reverse it.

Until now, this court has always held substantially
that "though counsel should not give the correct reason
supporting the ruling of the trial court, if it is appar-
ent that the ruling was correct, this court will not re-
verse the ruling. Otherwise the value of a decision as
authority would depend, not upon the allegations of the
pleading upheld or condemned, nor upon the reasoning
of the court in its decision, but upon the strength of the
reasons given by counsel for or against the pleading."
*Manley* v. *Felty* (1896), 146 Ind. 194, 198, 45 N. E.
74; *Whitney* v. *State* (1900), 154 Ind. 573, 577, 578,
57 N. E. 398; *Leach* v. *Dickerson, Administrator*
(1896), 14 Ind. App. 375, 378, 42 N. E. 1031; *Haas* v.
*Cones Mfg. Co.* (1900), 25 Ind. App. 469, 471, 58 N.
E. 499.

In his habeas corpus proceeding in the instant case
appellee charged only that he was unlawfully restrained
of his liberty by reason of the void warrant noted. The
validity of the warrant was the only question before
the trial court and is the only question before this court.
To me it seems quite arbitrary and capricious for this

court to hold that it may decide the case by determining the sufficiency not of the void warrant, but upon what might be called equities disclosed by the peculiar facts contained in the return and answer of appellant— thereby basing the decision wholly upon the matters and things contained in appellee's petition for habeas corpus filed in the District Court for the Northern Indiana District, and the things said by the judge of that court in his memorandum decision of that case. The substance of this action by the majority opinion and its practical effect is to treat the decision of the District Court entered on September 19, 1949, either as reversing or materially modifying the final judgment of the Clay Circuit Court entered July 14, 1938. In view of the substantial and practical effect of the opinion it seems so contradictory as to be unbelievable that the opinion should state also "we are not called upon to decide whether the District Court could formally set aside the judgment of the Clay Circuit Court. It did not attempt to do so." If we are not called upon to decide this question, certainly it is error to do so, especially since it is solely by an attempt to decide this question that the judgment of the lower court is reversed.

As stated in the majority opinion it is the Federal Court rule that "An accused is not put in jeopardy by a judgment which is void for lack of jurisdiction." If it were established in the Clay Circuit Court by a proper proceeding brought in the original criminal action against appellant, that the judgment is void for lack of jurisdiction, that rule might properly apply here. But there has been no such judicial determination in appellant's case. It is error to hold that there has been such determination. The majority opinion is based upon the theory that the final judgment rendered in the Clay Circuit Court July 14, 1938, has been reversed,

and this theory is factually untrue. The area of inquiry is extremely limited in the instant action and the hearing is "in a summary way." § 3-1917, Burns' 1946 Replacement. The only question before the court is to determine whether the cause of the restraint—the so-called warrant—is or is not valid. § 3-1901, Burns' 1946 Replacement. So far as shown by the record before us, there is no proceeding pending in the trial court or in this court and there never has been, that would give either court jurisdiction to vacate and set aside the plea of guilty, and all other pleadings thereafter had, to and including the judgment of conviction. It is not the duty of this court in this appeal to give procedural advice to either party in the case before us, and especially not with respect to the final judgment rendered July 14, 1938, in cause No. 2313 in the Clay Circuit Court heretofore noted, which is not before us and not before the trial court. I think courts should always be neutral—leaning neither toward the state nor defendant. But if we wrongfully depart from this essential rule in this case and advise the state, we should have care, great care *that the advice given is sound.* See *State ex rel. Davis* v. *Achor, Judge* (1947), 225 Ind. 319, 325, 75 N. E. 2d 154, and cases cited; *Kruger* v. *Duckwall* (1922), 78 Ind. App. 577, 578, 134 N. E. 895; *Brackenridge* v. *McCullough* (1844), 7 Blackf. 334; *McNelis* v. *Wheeler* (1947), 225 Ind. 148, 152, 73 N. E. 2d 339; *Wright* v. *Anderson* (1888), 117 Ind. 349, 354, 20 N. E. 247; *Wilson* v. *Buell* (1888), 117 Ind. 315, 317, 20 N. E. 231; *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 466, 44 N. E. 2d 344.

The opinion says:

"It would seem strange indeed if a party could in one court successfully assert the invalidity of a judgment of conviction, and so obtain his release, and in another court successfully assert that

the judgment of conviction is 'still in full force and effect' so as to avoid further prosecution of the charge against him."

This statement is wholly argumentative and seems quite partial. It ignores much law on this subject. See *Gillespie* v. *State* (1907), 168 Ind. 298, 80 N. E. 829. In case of double jeopardy the defendant is always discharged—even though it may seem strange.

". . . The fact that the result of upholding a plea of former jeopardy will be that accused will go without sentence or punishment for an offense to which he had pleaded guilty does not alter his rights or change his position as to his right to plead former jeopardy. . . ." 22 C. J. S., Criminal Law, Former Jeopardy, § 238, pp. 368, 369, 370. *Belter* v. *State* (1922), 178 Wis. 57, 62, *et seq.*, 189 N. W. 270.

A quotation from 31 Am. Jur., Judgments, § 760, p. 298, is given as supporting the right of a court to vacate a void judgment after the end of the term at which it was taken. But that quotation has reference to civil judgments only and is expressly so limited by its author in § 1—Judgments—30 Am. Jur., p. 819, by a sentence as follows:

"Moreover this article is confined to a consideration of civil judgments; it excludes judgments or sentences in criminal cases, except as res judicata in subsequent civil cases, and except those principles which are enunciated as applicable to all judgments, whether criminal or civil."

In civil cases no questions arise concerning former jeopardy or the denial of life, liberty, and due process of law under the constitution and criminal code so that the law thus quoted seems to me to be wholly inapplicable to the case at bar.

"Jeopardy, in its constitutional or common-law sense, has a strict application to criminal prosecutions only." 15 Am. Jur., Criminal Law, § 360, pp. 39, 40.

The opinion, I think, by way of dicta only, since the question is not before us, states that "An accused is not put in jeopardy by a judgment of conviction which is void for lack of jurisdiction. When discharged thereunder he may again be arrested and prosecuted under the original indictment." This seems to be the Federal Court rule and applies when a defendant is prosecuted in the Federal Court for violations of Federal laws. There is no record of this rule having been adopted in Indiana. The statement necessarily raises the question. In Indiana when does jeopardy attach to a defendant who is charged with crime? It has been held frequently that,

"Whenever a person shall have been given in charge, on a legal indictment, to a regular jury, and that jury unnecessarily discharged, he has been once put in jeopardy, and the discharge is equivalent to a verdict of acquittal." *Gillespie* v. *State* (1907), 168 Ind. 298, 313, *supra; Weinzorpflin* v. *State* (1844), 7 Blackf. 186, 189, 191.

When so charged, in the Clay Circuit Court in 1938, appellee entered a plea of guilty and was sentenced to prison for life. There was, of course, no trial. Under such situation, when does jeopardy attach? The answer is given by 22 C. J. S., Criminal Law, § 241, pp. 375, 376, thus:

". . . In a case submitted to the court without a jury, jeopardy begins after accused has been indicted, arraigned, and has pleaded, and the court has begun to hear the evidence, or the trial has begun by the reading of the indictment to the court. . . ."

In a well reasoned opinion involving this precise point this court has heretofore definitely held thus:

". . . Trial by jury may be waived, or by pleading guilty the necessity for a trial may be wholly avoided, there being in that case no issue to try. Necessarily, therefore, where a defendant is arraigned before a court having competent jurisdiction to hear and determine the charge, and to adjudge the punishment affixed to the offence, and pleads guilty, nothing further remains except to enter the plea and assess the punishment. . . . but it cannot be said, after a plea of guilty has been entered and accepted by the court, and all other preliminary requisites for a hearing and sentence are ready, that the defendant has not been for an instant in jeopardy, when the court might at any moment have pronounced the sentence of law upon him. He was in precisely the same jeopardy as if a jury had returned a verdict of guilty, in case the assessment of punishment had been left to the court.

"Our conclusion is, since the justice at the time of the dismissal . . . had proceeded so far that nothing further remained except to pass judgment upon the defendant, that the state could not then dismiss, and bring defendant to trial again." *Boswell* v. *State* (1887), 111 Ind. 47, 49, 11 N. E. 788; *State* v. *Reed* (1907), 168 Ind. 588, 589, 81 N. E. 571.

Thus it appears that a serious and probably a controlling question of former jeopardy may confront the trial court in any effort to bring appellant to trial again on the same charge.

I think it is true as suggested in the last paragraph of the opinion that no additional trial can be had in the original criminal case against appellant until the judgment rendered is vacated in a proper proceeding brought for that purpose. But if this is true, as we are agreed that it is, then the warrant upon which

appellant is held is necessarily null and void, for the final judgment in the case is a solemn judicial memorial "of high and supereminent authority" barring and forbidding its issuance, and also barring any other proceedings in the case. Therefore the judgment should be affirmed.

But what sort of motion can be made by the State that would permit the trial court to hear proof in the original criminal case now, as a result of which it would be its duty "to vacate and set aside the plea of guilty and all other proceedings thereafter had in that case?" Necessarily it must be in the nature of a coram nobis proceeding, since under our law a final judgment in a criminal case may be attacked only by a proceeding coram nobis. Since *Sanders* v. *State* (1882), 85 Ind. 318, this has been a recognized proceeding for a defendant to attack a final judgment, because of a denial of defendant's rights guaranteed by the constitution. *State ex rel. Lopez* v. *Killigrew* (1931), 202 Ind. 397, 408, 174 N. E. 808. However, this right never has been allowed to the State in Indiana, nor in any state in the union or elsewhere so far as I have found.

In appellant's criminal case the state cannot contend that any of its rights constitutional or otherwise have been denied. Indeed it would have to proceed solely on the theory that it had abused and denied appellant's constitutional rights and ask that it be relieved from the natural penalties resulting from its own wrongs. It will be unable to find precedent for this either in the law of this state, or in nature, or elsewhere. Any motion by the state containing the suggested averments would be vulnerable to demurrer.

For the reasons given I think the judgment of the Clay Circuit Court should be affirmed.

NOTE.—Reported in 97 N. E. 2d 145.