GALLAGHER v. CITY OF CLINTON, ETC., ET AL.

[No. 30,936. Filed November 18, 1966.]

*Benjamin G. Cox, Gus Sacopulos,* and *Gambill, Cox, Zwerner, Gambill & Sullivan,* of Terre Haute, for appellant.

*Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, for appellees.

MYERS, J.—This was an action brought by a former City Attorney of Clinton, Indiana, a city of the fifth class, for fees allegedly due and unpaid. There was a fourth amended complaint filed to which a demurrer was filed on the ground that the complaint did not state facts sufficient to constitute a cause of action. It was sustained by the trial court. Plaintiff refused to plead over and appealed to the Appellate Court of Indiana. That court reversed the decision of the trial court and remanded the cause back for trial on the merits after ordering the demurrer to be overruled. See *Gallagher* v. *City of Clinton* (1965), 207 N. E. 2d 647. We have accepted a petition to transfer the cause to this court, pursuant to Burns' Ind. Stat., § 4-215, 1946 Replacement.

At the time this case arose, appellant-plaintiff was the City Attorney for the City of Clinton. The pertinent allegations of the complaint are as follows:

(First Paragraph—rhetorical paragraphs 3-7)

"3. That from a time prior to January, 1961, until on or about July 24, 1961, the Board of Public Works and Safety of the defendant, City of Clinton, consisted of plaintiff herein City Attorney, the defendant John W. Goldner, Mayor of the defendant City, and the defendant Conrad Kite; and by resolution of said Board of Public Works and Safety duly adopted by said Board on or about May 15, 1961, and signed by each of the members thereof with the defendant Mayor of said City approving said resolution, a copy of which said resolution is attached as Exhibit A of the complaint, attorney fees of Ten Thousand Three Hundred Dollars ($10,300.00) were determined by said Board to be paid for legal services, which said legal services other than governmental had been and were to be performed by plaintiff in connection with the said City arranging for a proposed revenue bond issue to finance proposed extensions and additions to the City Municipal Water Works.

"4. That the Common Council of said City at its special meeting held May 17, 1961, approved the determination of the Board of Works in determining the amount to be paid for said legal services other than for bond approving counsel, by the adoption of Special Ordinance No. 2, by unanimous vote at said meeting at which all councilmen were present, which Special Ordinance No. 2 provides in part as follows:

" 'The proceedings had and actions taken by the Board of Public Works and Safety in and about the employment of engineers, accountants and attorneys in the preparation of plans, specifications and estimates, and advertising for and receipt of construction bids, and the award of tentative contracts for construction, are hereby ratified, confirmed and approved.'

"5. That the plaintiff, as the City Attorney of the defendant City, and at the specific request of the defendant Mayor thereof from time to time during the period from January 1, 1961, to July 24, 1961, performed legal services other than governmental in behalf of the defendant City, such as were contemplated by, and for which the said Board

of Public Works and Safety had determined and agreed to pay attorney fees of Ten Thousand Three Hundred Dollars ($10,300.00) in the resolution, Exhibit A hereof, and which said legal services other than governmental were necessary and were required in connection with the causing to be prepared of the plans and specifications and estimates, and the advertising for and receipt of construction bids and the award of tentative contracts for the construction of said proposed water works improvements and additions, and in connection with the proceedings incident thereto, and the proposed bond issue by which said improvements and additions to be made were to be financed and which said legal services other than governmental provided by plaintiff were in addition to and other than the services performed by the said Ross, McCord, Ice & Miller, of Indianapolis, Indiana, referred to as bond counsel in said resolution, Exhibit A hereof, for which the Board of Public Works & Safety had made specific provisions to supplement the legal services available in the legal department of said City in connection with the arrangements for the financing of said proposed water works, improvements and additions.

"6. All of said legal services, for which the defendant City of Clinton, by its Board of Public Works and Safety with the approval and confirmation of its Mayor and Common Council determined the amount to be paid as aforesaid, have been fully performed by said plaintiff and neither the defendant City nor the defendant Mayor, nor the defendant members of said Board of Public Works and Safety have rescinded, modified or terminated said resolution and determination to pay plaintiff for said legal services other than those performed by the said Ross, McCord, Ice & Miller in connection with the arranging for the issuance of the revenue bonds and for the construction of the extensions and additions to the City Municipal Water Works, all of which plaintiff has fully performed.

"7. That there is due and owing by defendant City to plaintiff the sum of Ten Thousand Three Hundred Dollars ($10,300.00) pursuant to and under said resolution of the Board of Public Works and Safety of defendant City approved by its Mayor and Common Council for said services plaintiff rendered pursuant thereto other than governmental for said City in connection with the operation by the said City under the control of its Board of Public Works and Safety of the municipally owned water works utility of said City, all as hereinabove specified and that said sum is due and owing and is just, reasonable and unpaid."

(Second Paragraph—rhetorical paragraph 7 and prayer)

"7. That there is due and owing by the said City to plaintiff the sum of Ten Thousand Three Hundred Dollars ($10,300.00) as reasonable compensation for the value received by the said City for the legal services rendered by plaintiff to the said City pursuant to and under employment of plaintiff by the said Board of Public Works and Safety at the instance and request of and approved by the Mayor thereof and the Common Council of said City, all of which said sum is due and owing from the defendant City to plaintiff and is unpaid.

"WHEREFORE, plaintiff demands judgment against defendants in the amount of Ten Thousand Three Hundred Dollars ($10,300.00) together with costs and all other proper relief in the premises."

Exhibit A of the complaint was a copy of the resolution by the Board of Public Works and Safety and reads as follows:

"RESOLUTION OF BOARD OF PUBLIC WORKS AND SAFETY CLINTON, INDIANA

"WHEREAS, the Board of Public Works and Safety of the City of Clinton, Indiana, has heretofore received bids on the proposed waterworks extensions and additions which have been under consideration for some time, and on the basis of the lowest and best bids received and estimates of other expenses made by the consulting engineers, the total cost of said extensions and additions, including all incidental expenses to be incurred in connection therewith, has been determined to be Four Hundred Twenty-Five Thousand Dollars ($425,000.00), itemized as follows:

"Construction

| | | |
|---|---|---|
| Construction Cost | $355,977.56 | |
| Contingencies (approximately 4%) | 15,764.00 | |
| Total Construction Cost | | $371,741.56 |

"Other Costs

| | | |
|---|---|---|
| Land and Easements & Rights-of-way | 500.00 | |
| Engineering Design Fees | 17,798.00 | |

| | |
|---|---:|
| Supervision, Inspection and Material Testing | 17,798.00 |
| Public Service Commission fees | 1,863.00 |
| Preparation of Bond Prospectus | 2,000.00 |
| Accounting & Financial Services | 1,400.00 |
| Attorney Fees | 10,300.00 |
| Bond Approval Fee | 1,600.00 |

53,260.00

Total Project Cost, $425,000.00

and,

"WHEREAS, in order to finance said extensions and additions it will be necessary to issue revenue bonds in the amount of $425,000.00, payable out of the revenue of the municipally owned waterworks system; and

"WHEREAS, in order to provide sufficient funds to pay the cost of operation and maintenance of the waterworks, provide for reasonable depreciation, and the payment of said bonds and the interest thereon, it will be necessary to increase the rates and charges for water service; and,

"WHEREAS, the firm of Ross, McCord, Ice & Miller of Indianapolis, Indiana, attorneys at law, have been employed by this Board to act as bond counsel in connection with the issuance of said bonds, and said bond counsel have prepared for consideration by this board and the Common Council suggested forms for the bond ordinance and rate ordinance based upon data furnished by Ernest R. Hamilton Associates, Inc., consulting engineers, and Bernard T. Perry, Certified Public Accountant, employed by the City, which ordinances have been duly considered by this Board and found satisfactory; and

## "EXHIBIT A

"WHEREAS the bids for the construction of said extensions and additions have been received, subject to the authorization of the Common Council for the issuance of the required amount of revenue bonds and the necessary increase in the water rates and charges, and further subject to the approval of the Public Service Commission for the issuance of said bonds and the putting into effect of a new schedule of water rates and charges, making it necessary that prompt action be taken;

"NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF PUBLIC WORKS AND SAFETY OF THE CITY OF CLINTON INDIANA:

"1.  That the Board request the Common Council of the City of Clinton, to authorize the issuance of waterworks revenue bonds in the amount of Four Hundred Twenty-Five Thousand Dollars (425,000.00) on the terms and conditions set out in the form of bond ordinance presented at this meeting.

"2.  That this Board request the Common Council to authorize a new schedule of rates and charges for water service on the basis of the rates and charges set out in the form of rate ordinance presented to this meeting.

"3.  That the Secretary of the Board be and she is hereby directed to present a copy of this resolution to the Clerk Treasurer and to deliver copies of said bond ordinance and rate ordinance for presentation to the Common Council as soon as may be done.

"4.  That in the event the Common Council shall authorize the issuance of said revenue bonds and said increase in water rates, then a petition shall be filed with the Public Service Commission of the State of Indiana, requesting approval of the issuance of bonds and for putting into effect the new schedule of water rates and charges.

"ADOPTED this 15th day of May, 1961.

"/S/ John W. Goldner      "/S/ James F. Gallagher

John W. Goldner, Mayor      James F. Gallagher, City Attorney.

"/S/ Conrad Kite

Conrad Kite, Councilman

"ATTEST:

"/S/ Raphael Fleming

Raphael Fleming, Clerk-Treasurer      BOARD OF PUBLIC WORKS AND SAFETY

"SECRETARY'S CERTIFICATE

"I, Raphael Fleming, the duly appointed, qualified and acting Secretary of the Board of Public Works and Safety of the City of Clinton, hereby certify that attached to this certificate is a true, full and correct copy of a resolution adopted by said Board of Public Works and Safety on the 15th day of May, 1961.

"/S/ Raphael Fleming

Raphael Fleming,
Secretary Board of
Public Works and Safety

"EXHIBIT A"

The memorandum to appellees' demurrer is based upon the argument that the resolution of the Board makes no specific reference to any services to be performed by appellant; that the resolution was very specific in naming other attorneys, engineers and accountants for the bond issue, but did not name appellant anywhere in the body of the resolution; that the resolution affirmatively shows that most of the work alleged by appellant to be the basis of his claim had been performed; that consequently the complaint on its face with the resolution therein shows no liability on the part of appellees.

Appellant predicates his action on Burns' Ind. Stat., § 48-1233b, 1963 Replacement, which reads as follows:

"The officials of any city, both elected and appointed, and the employees of any city, who perform services for the city, other than governmental, which services are connected with the operation of any municipally owned utility or function, may, within the discretion of the mayor and subject to the approval of the common council, receive additional compensation for the performance of such services: Provided, That the amount of such additional compensation shall be determined and fixed by the administrative authority in control of the operation of such utility or function, subject to the approval of the mayor and the common council: Provided further, That any additional compensa-

tion so authorized shall be paid from the revenue derived from the operation of such utility or function."

He claims his complaint only seeks to enforce his statutory right under that act to recover additional compensation for other than governmental services rendered by appellant in connection with the operation by appellees of the water works utility. He says in his Argument:

"It does not seek to enforce a contract; it does not seek to enforce an equitable or quasi legal right in quantum meruit."

His relationship as City Attorney and member of the Board of Public Works and Safety, the city's class, its operation of a water utility under the control and supervision of the Board of Public Works and Safety, the action of the Board in adopting the resolution which included an amount of $10,300 for attorney fees, are all set forth. He alleges that he performed certain specific acts at the request of the Mayor. However, there is complete failure to show that he was the intended recipient of any of the benefits claimed from the attorney fees specified in the resolution. The key document to this whole case is the resolution passed by the Board. It must be looked to rather than the allegations made concerning it. *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145. It was signed by the Board members including the Mayor as a member of the Board. Appellant's allegation that he performed services at the request of the Mayor is not equivalent to the Mayor's individual approval of additional compensation, nor may it be considered as approval by the Mayor for such compensation merely because he signed it as a member of the Board. Thus, there was failure to comply with the statute upon which he relies. The general rule of law is that one who seeks to enforce a statutory right must bring himself strictly within the spirit as well as the letter of the statute without aid of any intendment. *Martin* v. *Schulte* (1933), 204 Ind. 431, 182 N. E. 703; *Gossard* v. *Vawter* (1939), 215 Ind. 581, 21 N. E. 2d 416.

Appellant has alleged in his fourth amended complaint (rhetorical paragraph 5 of First Paragraph) that, as City Attorney and at the specific request of the Mayor, he performed legal services "other than governmental" on behalf of the City "for which the said Board of Public Works and Safety had determined and agreed to pay attorney fees of Ten Thousand Three Hundred Dollars ($10,300.00) in the resolution * * *." The resolution simply does not say this.

It is alleged these services were in connection with: (1) preparation of plans and specifications and estimates; (2) the advertising for and receipt of bids; (3) the award of tentative contracts; and (4) proceedings incident thereto, and the proposed bond issue. The first three of these are services which the Board itself must furnish. Burns' Ind. Stat., § 48-1904, 1963 Replacement. Thus, the City Attorney, if he provided them, did so in the regular performance of his regular duties as a Board member. He could not receive additional compensation for services when he was clearly duty bound to perform. As to (4) it pertains to the employment of an Indianapolis law firm to act as counsel in connection with the issuance of the bonds, which took that matter out of the hands of appellant.

We find that appellant's forth amended complaint does not state facts sufficient to constitute a cause of action in that he has failed to bring himself within the spirit and letter of the statute relied upon by any express provision in the resolution passed by the Board of Public Works and Safety; in that the resolution does not provide for any additional services to be performed by appellant, by agreement or otherwise; is silent as to the nature and purpose of the attorney fees set forth therein and names no recipient for those fees; in that the allegations of services performed by appellant do not fall within those services which would be "other than governmental."

The trial court committed no error in sustaining the demurrer.

Judgment affirmed.

Rakestraw, C. J., and Arterburn, J., concur. Jackson, J., dissents with opinion. Achor, J., not participating.

## Dissent

JACKSON, J.—I would deny transfer herein.

The majority opinion and the Appellate Court opinion adequately set forth the issues involved and hence a full scale review thereof in this dissent would only serve to uselessly encumber the record.

The statute on which appellant relies for recovery reads as follows:

> "The officials of any city, both elected and appointed, and the employees of any city, who perform services for the city, other than governmental, which services are connected with the operation of any municipally owned utility or function, may, within the discretion of the mayor and subject to the approval of the common council, receive additional compensation for the performance of such services: Provided, That *the amount of such additional compensation shall be determined and fixed by the administrative authority in control of the operation of such utility or function, subject to the approval of the mayor and the common council;* Provided further, That any additional compensation so authorized shall be paid from the revenue derived from the operation of such utility or function." (Emphasis supplied). Acts 1959, ch. 107, § 8, p. 217, § 48-1233b, Burns' 1963 Replacement.

As I read the above statute there is no requirement that the name of the person performing the additional services, for which additional compensation is claimed, be named in the resolution. Only the amount of the compensation need be determined by the board. It appears that the requirement of the statute has been met by plaintiff's Fourth Amended Complaint, to which is attached a copy of the resolution.

The majority opinion relies on *Slack* v. *Grigsby* (1951), 229 Ind. 335, 97 N. E. 2d 145, but the opinion fails to state the entire rule therein set forth as follows:

*"When the allegations in a pleading vary from the provisions of the instrument upon which it is founded, the* exhibit itself is controlling and must be looked to rather than to the allegations made concerning it." (Emphasis supplied).

Consequently the cited case is not controlling.

In the case at bar the appellant seeks to recover under the statute (Acts 1959, ch. 107, § 8, p. 217, § 48-1233b, Burns' 1963 Replacement, *supra*) rather than ex contractu or in quantum meruit. Appellant's position is that the statute provides for payment of services other than governmental. The resolution recognizes that compensation for services, other than governmental, for services as attorney rendered the municipal utility in the issuance and sale of its revenue bonds should be paid in the sum of $10,300.00. The statute, not the resolution, is the foundation of the action. It is true the resolution does not specifically state the appellant was to receive the attorney fees provided therein, but neither does it exclude him from receiving them as it does not specify any particular recipient.

The pertinent portion of the resolution relative to bond counsel reads as follows:

"WHEREAS, the firm of Ross, McCord, Ice & Miller of Indianapolis, Indiana, attorneys at law, have been employed by this Board to act as bond counsel in connection with the issuance of said bonds, and said bond counsel have prepared for consideration by this board and the Common Council suggested forms for the bond ordinance and rate ordinance based upon data furnished by Ernest R. Hamilton Associates. . . ."

Thus, the wording of the resolution does not provide for the employment of the above mentioned firm as counsel for the City to the exclusion of appellant. The majority opinion admits ". . . the resolution . . . is silent as to the nature and purpose of the attorney fees set forth therein and names no recipient for those fees; . . ."

On the facts pleaded and the record before us it appears

that a hearing on the merits must be had to determine whether or not the appellant is entitled to recover; therefore, the judgment of the trial court sustaining the demurrer to the Fourth Amended Complaint was error necessitating reversal and remand as required by the Appellate Court opinion and transfer should be denied.

NOTE.—Reported in 221 N. E. 2d 350.