BROCK v. PARKER.

Covenant by an apprentice against his master, upon the indenture, for neglect-
ing to school the plaintiff, &c. The suit was commenced in the Circuit
Court, before the R. S. 1852 took effect, but the cause was tried on an
amended declaration filed after they took effect. The plaintiff recovered
judgment for less than 50 dollars, no set-off or counter-claim having been
pleaded or proved.

Held; that the suit, as to matters of practice, was to be governed by the
R. S. 1852.

Held, also, that the defendant was entitled to costs.

Where a covenant in an indenture of apprenticeship is with the apprentice, he
should sue alone for the breach.

Monday,
December 11.

APPEAL from the *Harrison* Circuit Court.

PERKINS, J.—*Parker* sued *Brock* in covenant for a breach
of the obligations in articles of apprenticeship, and recov-
ered less than 50 dollars. The suit was in the *Harrison*
Circuit Court, and the Court gave the plaintiff costs.

The breaches of covenant alleged were, the neglecting
to school, teach the art and mystery of the trade, provide
for, &c., in regard to the apprentice, as the articles required.

But two errors are contended for: 1. That the plaintiff
recovered costs. 2. That the suit was in the name of the
apprentice.

. It does not appear when the suit was commenced, nor is
it material. The amended declaration, on which the cause
was tried, was filed in *October*, 1853. The suit, therefore,
as to matters of practice, was necessarily governed by the
statutes of 1852. Those statutes provide, sec. 396, p. 126,
vol. 2, that the party recovering judgment shall recover
costs, except, &c.; and the next succeeding section 397,
enacts that in actions for money demands on contract,
commenced in the Circuit Court, the plaintiff shall pay
costs if he recover less than 50 dollars, unless the judg-
ment has been reduced below 50 dollars by a set-off or
counter-claim, pleaded and proved, &c.

Sec. 797, p. 223, same volume, defines money demands
on contract thus:

" The phrase '*money demands on contract*,' when used

in reference to an action, means any action arising out of contract, where the relief demanded is a recovery of money."

Under this definition, the present case is included, and the plaintiff should not have recovered costs.

On the second point, the declaration is a little confused, but it seems that the covenant was made with the apprentice, &c., by the consent of his guardian. If so, the apprentice should sue alone, and not jointly with his guardian. The articles of apprenticeship do not appear in the record.

*Per Curiam.*—The judgment, in respect to the taxation of costs, is reversed, with instructions to the Circuit Court to render judgment for the costs in said Court, for the defendant. The residue of the judgment is affirmed. It is also adjudged that each party pay his own costs in this Court.

*W. T. Otto* and *J. S. Davis*, for the appellant.
*R. Crawford*, for the appellee.