BATES *v.* KUHN.

Where the demand proved by the plaintiff is reduced below 50 dollars by any defense other than payment, the defendant is liable to judgment for costs.

APPEAL from the *Fayette* Court of Common Pleas. DAVISON, J.—*Kuhn* brought this action against *Bates*,

upon an account for work and labor, in cutting cord-wood. Amount demanded, 373 dollars, 50 cents.

Defendant's answer contains four paragraphs—

1. A general traverse.

2. Setting up a special contract, under which the work and labor charged in the complaint is alleged to have been done, which contract, it is averred, the plaintiff failed to perform, and for the breach thereof, damages are claimed, &c.

3. Set-off,

4. Payment.

Issues were properly made and submitted to a jury. Verdict in favor of the plaintiff for 37 dollars, 75 cents, upon which the Court, having refused a new trial, rendered judgment, &c.

The evidence is upon the record. The plaintiff proved that he cut and corded three hundred and ninety-eight cords of wood for the defendant, the cutting and cording of which was worth 75 cents per cord; also seventy-five cords, worth one dollar per cord—the whole worth 373 dollars, 50 cents. Here the plaintiff rested. The defendant introduced evidence tending to prove that the cords put up by the plaintiff were not full cords. Upon this point, however, the evidence was conflicting. It was proved that defendant paid the plaintiff, on account of such *cutting and cording*, 323 dollars, 25 cents; and that he, defendant, received the wood, as cut and corded by the plaintiff. There is no evidence amounting to proof of the special contract set up in the second paragraph.

At the proper time, the defendant moved the Court to adjudge costs against the plaintiff, on the ground that his judgment was reduced below 50 dollars, by payments. The motion was overruled, and the defendant excepted.

The code provides that, " In actions for money demands on contract, commenced in the Circuit Court, or Court of Common Pleas, if the plaintiff recover less than 50 dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below 50 dollars by set-off or counter-claim pleaded and proved by the defendant, in which case

the party recovering judgment shall recover costs. When <span>May Term, 1859.</span>
the judgment is reduced below 50 dollars, by proof of pay-
ments, the defendant shall recover costs." 2 R. S. p. 126,    BURGESS
· § 397.                                                          v.
                                                              MATLOCK.

As we have seen, the demand proved was 373 dollars,
50 cents, of which there was paid 323 dollars, 25 cents,
leaving a balance in favor of the plaintiff of 50 dollars, 25
cents—an amount within the jurisdiction of the Common
Pleas.   It is, therefore, evident that the plaintiff's judgment
was not reduced below 50 dollars, by payments; and, it
seems to us, that under a proper construction of the stat-
ute, the conclusion must be, that where the demand proved
by the plaintiff is reduced below that sum by any legiti-
mate defense other than that of payment, the defendant is
liable to a judgment for costs.

*Per Curiam.*—The judgment is affirmed with 5 per cent.
damages and costs.

*B. F. Claypool* and *E. Vance*, for the appellant.