### EGOLF v. BRYANT ET AL.

PRACTICE.—*Dismissal of Complaint does not Carry Counter-Claim with it.*—
The dismissal of the complaint in an action, on the motion of the plaintiff, can not, over the objection of the defendant, carry with it a counter-claim filed by the latter.

SAME.—*Exception.*—*Bill of Exceptions.*—A bill of exceptions is not necessary to reserve an exception to the dismissal of a counter-claim.

SAME.—*Complaint for Partition.*—*Counter-Claim to Foreclose Mortgage.*— A cross complaint, so called, for the foreclosure of a mortgage on real estate, filed by a defendant in an action for the partition of such real estate, is properly a counter-claim.

From the Noble Circuit Court.

*F. Prickett*, for appellant.

PERKINS, J.—Suit by Warren C. Bryant and others for partition of a certain parcel of land.

Adam Egolf, who claimed an interest in a portion of the land, was made a defendant. He filed what he denominated a cross complaint, in which he alleged, that, to save the land for all the owners, by preventing its sale upon a foreclosure of a mortgage existing upon the whole of the land, he paid said mortgage, and now asked that his claim be adjusted and enforced, etc. Afterward the following entry appears of record:

" Warren C. Bryant *et al. v.* Adam Egolf. Complaint for partition.

" Now come the said plaintiffs, by Thomas M. Eells, their attorney, and comes also the said defendant, by Tousley & Prickett, his attorneys, and thereupon, on motion of plaintiffs, the petition of plaintiffs is dismissed at plaintiffs' costs. And it is ordered and adjudged by the court that the cross complaint of the defendant follow the complaint, and that said cross complaint be, and hereby is, dismissed therewith, by virtue of plaintiffs' said dismissal ; to which order and decision of the court in so dismissing his cross complaint the defendant objects and excepts, and prays an appeal to the Supreme Court; which is granted, on the filing by said defendant of an appeal bond, in the penal sum of one hundred dollars, within sixty days, with John Rivir as surety, which bond is by the court approved It is therefore considered by the court that the said defend-

ant recover of said plaintiffs his costs and charges herein, taxed at —— dollars and — cents."

No bill of exceptions was filed. We think, under section 559 of the code, a bill of exceptions was not necessary to reserve the exception in this case.

The pleading denominated a cross complaint was clearly a counter-claim. *Tabor* v. *Mackkee*, 58 Ind. 290, and cases cited; *Harness* v. *Harness*, *ante*, p. 1.

The court erred in holding that the dismissal of the complaint carried with it, out of court, the counter-claim.

That part of the judgment is reversed, etc.