## SCHAFER ET AL. *v.* SCHAFER.

PARTITION.—*Pleading.*—*Answer as to Part.*—*Counter-Claim.*—Where, in a suit for partition, the defendant files a paragraph of answer which purports to answer the whole complaint, but answers only as to one-third and claims only nine twenty-fifths of the land to be divided, such answer is insufficient on demurrer. In such case, however, a counter-claim, setting up title in the defendant to the whole of the land sought to be divided, is sufficient.

From the Madison Circuit Court.

*W. March* and *J. W. Sansberry*, for appellants.

*H. D. Thompson* and *R. Lake*, for appellee.

BIDDLE, J.—The appellants bring this complaint against the appellee, for the partition of certain lands which are

Schafer *et al. v.* Schafer.

described, averring that the title came to the appellants and to the appellee, in equal shares, by descent from David Schafer, who was their father and common ancestor, and that each is the owner of one undivided seventh part of the same, and entitled to partition accordingly. No question is made upon the sufficiency of the complaint.

The answer of the appellee is :

1.  A general denial ;
2.  A special paragraph ; and,
3.  A counter-claim.

A separate demurrer for the want of facts to constitute a defence was overruled to the second paragraph of answer, and to the counter-claim. Trial by jury, and verdict for defendant; judgment; appeal.

The second paragraph of answer is in these words :

" He, further answering, says that the above parties are the children and sole heirs at law of David Schafer, deceased, who departed this life on or about the 30th day of January, 1864, leaving as his widow Elizabeth Schafer, who has been a second wife of his, and who was the mother of the above named Jacob and William. He further says that, after the death of her said husband, the said Elizabeth took possession of the land described in the complaint herein filed, and claims title thereto as the widow of David Schafer, deceased, claiming that her said late husband was in his lifetime the owner of the same ; that said land was conveyed to him and not to this defendant ; that, on the —— day of ——, 1864, this defendant commenced his suit in this court to recover his possession of said land under his title thereto ; that such proceedings were had in said cause that, on the —— day of October, 1875, he recovered a judgment against said Elizabeth, widow as aforesaid, for the possession of said land upon his superior title, which will more fully appear by reference to said judgment; and he says that, by reason of said adjudication and judgment,

he became the owner of one-third of said land, that is, the part of the same of which the said Elizabeth became owner on the death of said David Schafer, the father of this defendant, and he says that he is the owner of nine twenty-fifths of said real estate, which he asked to be partitioned to him."

This paragraph of answer purports to answer the whole complaint, and answers only as to one-third, and claims only nine twenty-fifths of the land to be divided ; that a paragraph of answer must be good against all that it is pleaded to, is so familiar a principle in pleading that we do not cite authorities in its support. The court erred in overruling the demurrer to the second paragraph of answer.

The third paragraph, as a counter-claim, sets up title in the appellee to the whole of the land sought to be divided, and we can not see wherein it is not sufficient. The demurrer to this paragraph was properly overruled.

The judgment is reversed, at the costs of the appellee ; cause remanded, with instructions to sustain the demurrer to the second paragraph of the appellee's answer, and for further proceedings.