No. 10,450.

## MOORE ET AL. *v.* NEWLAND.

COSTS.—*Amount of Recovery.*—*Statute Construed.*—*Case Criticised.*—In a suit for a money demand on contract, begun in the circuit court, the plaintiff recovered five dollars. There was no set-off, counter-claim, or payment pleaded, and nothing demanding affirmative relief for the defendant.

*Held,* under sections 590 and 591, R. S. 1881, that all costs should be taxed to the plaintiff, and what is said in *Bates* v. *Kuhn,* 12 Ind. 355, to the contrary, was not necessary to that case, and is in conflict with the statute and with several prior and subsequent cases.

From the Parke Circuit Court.

*S. D. Puett, A. F. White* and *E. Hunt,* for appellants.

*T. N. Rice* and *J. T. Johnston,* for appellee.

FRANKLIN, C.—Appellants sued appellee for work and labor in the construction of a well, claiming $118.75. The appellee answered in three paragraphs: 1st. A denial; 2d. A special contract, and non-compliance by appellants; 3d. A warranty, and breach of the warranty. Reply in denial. Trial by jury, and a verdict for $5 for appellants. Over a motion for a new trial judgment was rendered on the verdict.

The errors assigned are the overruling of the motion for a new trial, and the sustaining of appellee's motion to tax the costs of the cause against the appellants. The first reason insisted upon for a new trial is, that the damages assessed by the jury are too small. Appellants in their brief contend that all the testimony of the plaintiffs, both in chief and rebuttal, places the value of the well at from $100 to $127; and all the witnesses for the defendant place the value of the well at nothing; that it was utterly valueless; and if the plaintiffs were entitled to recover anything, they were entitled to recover some sum not less than $100, nor more than $127; otherwise the verdict should have been for the defendant. Taking this statement of the evidence as true we can not tell, without weighing the evidence, whether the damages assessed are too small or too large; and as there is no complaint of the damages being too large we can not weigh the evidence in order to determine whether they are too small. In such cases, that duty devolved alone upon the court below. There is no available error in overruling the motion for a new trial on account of the damages being too small.

The second error assigned is the sustaining of appellee's motion to tax the costs against appellants. Appellants insist that the second and third paragraphs of appellee's answer were in the nature of set-offs and counter-claims, and that, their claim for damages being thereby reduced, they were entitled to recover costs. Under the special contract, as pleaded in the said second paragraph of answer, the appellee was to have sixty days after the well was completed to try and test it, and if it did not prove satisfactory as a stock well he was

not to receive it, or pay any thing for it; and upon being tested it was unsatisfactory, and he never accepted it.

The breach of the warranty pleaded in the third paragraph of answer was upon the same contract.

We do not think these paragraphs of answer can be placed under the head of counter-claim or set-off. Neither of them claims anything due the defendant, or that he has sustained any damage connected with or growing out of the cause of action, in reduction of plaintiffs' claim. They are simply paragraphs of answer in bar of the plaintiffs' cause of action, and ask no affirmative relief for the defendant. R. S. 1881, section 350.

The 591st section of the R. S. 1881 reads as follows: "In actions for money demands on contract commenced in the circuit or superior courts, if the plaintiff recovers less than fifty dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below fifty dollars by a set-off or counter-claim pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs. When the judgment is reduced below fifty dollars by proof of payments, the defendant shall recover costs."

Under this section, upon the motion of appellee, the costs were taxed against the plaintiffs; and it is insisted by appellants that they are not liable for costs in any case where the judgment is reduced below $50, except where it has been so reduced by proof of payments. And in support thereof we have been referred to the case of *Bates* v. *Kuhn,* 12 Ind. 355, where the following language is used: "It is, therefore, evident that the plaintiff's judgment was not reduced below 50 dollars, by payments; and, it seems to us, that under a proper construction of the statute, the conclusion must be, that where the demand proved by the plaintiff is reduced below that sum by any legitimate defence other than that of payment, the defendant is liable to a judgment for costs."

In that case the claim was not reduced below $50, and a set-off was specially pleaded. The language used in the opin-

ion is much broader than was necessary to be used in decid-
ing the question.   The question here under consideration can
hardly be considered as being decided in that case, but, if so
considered, we do not find that that case has been cited
or approved in any subsequent case in this court.   And it
does seem to us that the language there used is in conflict
with the foregoing section of the statute.   According to that
construction, all defences, except payment, must be consid-
ered as counter-claims or set-offs, which is extending the
meaning of these technical names of defences beyond what
the authorities will warrant.

The 590th section of the R. S. 1881 provides: "In all
civil actions, the party recovering judgment shall recover
costs, except in those cases in which a different provision is
made by law."

The next section embraces the different provisions of law
as applicable to actions for money demands, and makes a dif-
ferent general rule, and that is: "If the plaintiff recover less
than fifty dollars, exclusive of costs, he shall pay costs, un-
less the judgment has been reduced below fifty dollars by a
set-off or counter-claim pleaded and proved by the defend-
ant, in which case the party recovering judgment shall re-
cover costs."   By this provision whenever the plaintiff in
an action for money demands recovers less than $50 he shall
pay costs.   But then comes in the exception to this general
rule, and that is, if the judgment, exclusive of costs, has
been reduced below $50 by a set-off or counter-claim pleaded
and proved, he shall recover costs.   In such cases, he can not
recover costs where the judgment has been reduced below ·
$50 by any other defence than set-off or counter-claim, but
must pay costs; and the statute only provides for the de-
fendant recovering costs where the judgment has been reduced
below $50 by proof of payments.

The statute, literally construed, means that when the judg-
ment has been reduced below $50, exclusive of costs, by any
defence not a set-off, counter-claim, or payment, neither party

shall recover a judgment for costs, but that the plaintiff shall pay costs, which substantially means that judgment may be rendered against the plaintiff for the costs; and a motion to tax the costs against the plaintiff is the proper remedy.

In the case of *Brock* v. *Parker*, 5 Ind. 538, decided before the case of *Bates* v. *Kuhn, supra,* it was held in such cases, where no set-off or counter-claim was pleaded, the plaintiff was liable for costs, and could not recover costs.

The following subsequent cases follow the case of *Brock* v. *Parker, supra,* instead of the case of *Bates* v. *Kuhn, supra:* *Columbus, etc., R. R. Co.* v. *Watson,* 26 Ind. 50; *State, ex rel.,* v. *Parker,* 33 Ind. 285; *Stevenson* v. *Ennis,* 39 Ind. 216.

In the paragraphs of answer under consideration, the defendant claimed nothing by way of set-off, counter-claim, payment, recoupment, or in any way, in mitigation of damages; they were pleaded in bar of the plaintiffs' right to recover anything upon their cause of action, and under which the plaintiffs recovered a judgment for less than $50.

We think there is no error in sustaining appellee's motion to tax the costs against appellants.

There is no error in overruling the motion for a new trial, or in sustaining the motion to tax the costs against the plaintiffs.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.