Filed Sept. 26, 1885.

———————

No. 12,116.

## MILLS ET AL. *v.* ROSENBAUM ET AL.

COSTS.—*Counter-Claim.—Breach of Warranty.—Promissory Note.—Consideration.—Action in Circuit Court.—Recovery of Less than $50.*—In an action in the circuit court on a promissory note for $125, the defendant pleaded in defence that the consideration of the note was the price of a horse,

and that, by reason of a breach of the warranty under which the sale was made, he was damaged, etc.  There was judgment for the plaintiff for less than $50.

*Held,* that the defendant's pleading was a counter-claim (section 350, R. S. 1881), and that under section 591, R. S. 1881, the plaintiff was entitled to recover costs.

PLEADING.—*Counter-Claim.*—When the facts averred in an answer present a counter-claim, the fact that it is not formally pleaded as such is not material.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies,* for appellants.

*W. P. Edson* and *J. W. French,* for appellees.

MITCHELL, C. J.—The only question presented by the record before us relates to the ruling of the court on a motion to tax costs.  This ruling was reserved as a question of law, and is presented by bill of exceptions as provided by section 630, R. S. 1881.

The complaint was upon a promissory note for $125, executed by Mills & Spencer to one Tennison, and by him assigned without recourse to the Rosenbaums.  One paragraph of the answer averred that the consideration of the note was the price of a horse sold by the payee to the makers; that the sale was accompanied by a warranty that the horse was sound and free from disease; that at the time of the sale and warranty the horse had a malady which affected his eyes; that this was known to the seller and unknown to the purchaser, and that, from the disease then existing, the animal subsequently became totally blind, by reason of which he was worth $100 less than he otherwise would have been, and that by reason thereof the consideration of the warranty failed to the amount of $100.

There was a verdict for the plaintiffs for $47.04, and, over a motion to tax the costs to the plaintiffs, there was judgment in their favor for the amount of the verdict and costs.

Section 591, R. S. 1881, provides as follows:. "In actions for money demands on contract commenced in the circuit or

superior courts, if the plaintiff recover less than fifty dollars, exclusive of costs, he shall pay costs, unless the judgment has been reduced below fifty dollars by a set-off or counter-claim pleaded and proved by the defendant, in which case the party recovering judgment shall recover costs." Was the judgment reduced below $50 by a counter-claim? Counsel insist that the case is ruled by *Moore* v. *Newland*, 90 Ind. 409. That was a suit to recover for work and labor, and of the answers filed it was said by FRANKLIN, C. : "We do not think these paragraphs of answer can be placed under the head of counter-claim or set-off. Neither of them claims anything due the defendant, or that he has sustained any damage connected with or growing out of the cause of action, in reduction of plaintiffs' claim." This can not be said of the defence pleaded in this case, the gist of which is, that by reason of the breach of warranty under which the sale was made, the defendants were damaged in the sum of $100. This they seek to recoup from the plaintiffs' claim.

Some confusion has arisen by treating defences of this character as failure of consideration. They are, on the contrary, of the very essence of a counter-claim, the statutory definition of which is "any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Section 350, R. S. 1881.

What was embraced in a statutory counter-claim was considered in *Standley* v. *Northwestern M. L. Ins. Co.*, 95 Ind. 254, where it was shown that counter-claim under the code includes the element of recoupment.

When the facts averred in an answer present a counter-claim, the fact that it was not formally pleaded as such can make no difference. It will be judged by what it is, and not by what it is called. *Fuller* v. *Curtis*, 100 Ind. 237 (50 Am. R. 786).

The facts set up in the answer in this case are connected

with the cause of action. They might have been the subject of an independent action in favor of the defendants, and they did tend to reduce the plaintiffs' claim. The demand set up by the plaintiffs in their complaint, and the cross claim of the defendants, pleaded in their answer, both spring out of the same transaction, which upon the complaint and answer is opened up for the purpose of settling the mutual claims of the parties thereunder.

Pleaded by way of answer, the counter-claim can, of course, in no case authorize a judgment for the defendant, except as the statute may regulate the judgment for costs.

Judgment affirmed, with costs.

Filed Sept. 24, 1885.