Filed Feb. 16, 1889.

---

117  349
121  488
117  349
129  189

. No. 13,607.

## WRIGHT *v.* ANDERSON.

PLEADING.—*Answer.—Cross-Complaint.*—A pleading, though denominated an answer, will be regarded as a cross-complaint if facts are alleged therein which authorize the granting of affirmative relief.

RES ADJUDICATA.—An adjudication once had between the parties bars all future litigation, not only as to what has been actually litigated and determined, but as to all matters within the issues that might have been litigated and determined in the action.

SAME.—*Merger.*—Where the gravamen of the action is one entire, indivisible contract or wrong, the doctrine of merger applies, and when the action is once brought, tried and determined, all causes of complaint are forever cut off, whether embraced within the issues or not.

From the Rush Circuit Court.

*J. H. Mellett* and *E. Bundy,* for appellant.

*B. L. Smith* and *W. J. Henley,* for appellee.

BERKSHIRE, J.—The appellant was the plaintiff and the appellee the defendant in the court below. The complaint is in three paragraphs.

Separate demurrers were addressed to the second and third paragraphs, the cause of demurrer being want of facts sufficient to constitute a cause of action. The demurrers were sustained and proper exceptions saved.

An answer in two paragraphs was filed, the first of which was the general denial.

A demurrer was addressed to the second paragraph of the answer, the cause of demurrer being want of facts sufficient to constitute a defence to the action. The demurrer was overruled and the proper exception saved.

A reply was then filed, in two paragraphs, the first paragraph being the general denial.

A demurrer was addressed to the second paragraph of reply, the cause of demurrer being want of facts sufficient to constitute a good reply to the answer. The demurrer was sustained and the proper exception saved. The appellee then withdrew the first paragraph of his answer, and the appellant the first paragraph of his reply, and the court rendered judgment for the appellee for want of a reply.

There are four errors assigned :

1. The court erred in sustaining the demurrer to the amended second paragraph of the complaint.

2. The court erred in sustaining the demurrer to the third paragraph of the complaint.

3. The court erred in overruling the demurrer to the second paragraph of the answer.

4. The court erred in sustaining the demurrer to the second paragraph of the reply.

The first paragraph of the complaint was a common count for money had and received by the appellee for the use of the appellant, and as the facts alleged in the second and third paragraphs were provable under the first paragraph, it is probable that there is no available error because of the action of the court in sustaining said demurrers.

The second paragraph of the answer is as follows: "Said defendant for further answer says that, at the April term, 1883, of the circuit court of Henry county, Indiana, the defendant herein, James W. Anderson, filed in said court his complaint in which he alleged that this plaintiff, on the 2d day of August, 1882, by his certain promissory note, promised to pay to the order of A. F. Yetter, December 25th, 1882, the sum of $150, with eight per cent. interest from date, and attorney's fees, which said note the said Yetter endorsed in blank to the said Anderson, and alleging that said note was due and unpaid, and demanding judgment thereon for $200; that process was issued upon said complaint and served upon said Wright to appear in said court and answer said complaint; that said Wright appeared and filed his cross-complaint in words and figures as follows: 'The defendant for answer to said complaint says: 1st. That said note mentioned and set forth in plaintiff's complaint was given to the plaintiff in part consideration for a tract of land sold and conveyed by the plaintiff, Anderson, to the defendant, James Wright, and that the defendant Yetter endorsed the same for the accommodation and as surety for said Wright only, and without other consideration; that, at the time of the execution of the said note and during his natural life prior thereto, the defendant, Wright, was very weak and feeble in mind, and not able to read or write or to comprehend the meaning and force of deeds, notes or other

written instruments, and was wholly ignorant of the value of real estate, or the difference in values or quality thereof; that a short time before the execution thereof of said note, the said Wright had come into the possession of property and money, by descent from a deceased brother, to the amount and value of $1,800, all of which facts the said Anderson and his agents prior to and at the time of the execution of said note well knew, and then and there knowing the same, and for the purpose of and with the intent to defraud and cheat the said Wright out of his estate so inherited as aforesaid, then and there to induce him to purchase the same at the price, represented to him that a certain tract of land situated in Decatur county, Indiana, and described as eighty acres off of the north end of one hundred and twelve acres as deeded by Henry Stout and wife to John A. Maddox, July 7th, 1866, said lands being in sections 8 and 9, town. 8, range 9, in said Decatur county, was of the value of one thousand six hundred dollars, and that the plaintiff (said Anderson), had a good and perfect title thereto, and by means of said representations induced and caused the said Wright to purchase the said land from the plaintiff, the said Anderson, at and for the sum of $1,600, and then and there obtained from the said Wright the sum of $400 in cash and the note mentioned in the complaint, and other notes mentioned in the complaint, amounting in the aggregate to the sum of $1,600; that the said Wright, in making said purchase, relied wholly upon the judgment and representations of the plaintiff (said Anderson) and his agents, and believed them to be true; that, in truth and in fact, said land was and is only of the value of $500, and the title thereto is imperfect, defective and unsalable, of which the plaintiff and his agents at the time well knew; and the said Wright now brings into court a deed of conveyance, reconveying said land to said plaintiff, and demands that said contract be rescinded;' that the plaintiff filed a certain reply in said cause, denying each and every material allegation con-

tained in said answer, and upon said issues so joined as aforesaid in said court, said cause was tried and a finding was made in favor of said Wright, and thereupon it was ordered, adjudged and decreed by said court that the contract between said Anderson and said Wright, concerning the purchase of said real estate, be rescinded, set aside, and made null and void, and of no effect; and it was further adjudged, ordered and decreed by the court in said cause, that said James Wright recover of said Anderson his costs and charges laid out and expended; that said judgment is in full force and effect, and this defendant avers that the money sued for in the plaintiff's complaint is a part of the purchase-price of the land in Decatur county, the contract for the sale of which was rescinded in the said Henry Circuit Court, and the defendant avers all the matters arising out of said contract so made, as set up in the said Wright's answer filed in the Henry Circuit Court, were, or might have been, adjudicated, determined and settled in said suit between said parties in said court. Wherefore he demands judgment for costs, and all proper relief."

It is contended by appellant that the pleading which he filed in the former action, and which is set out in the foregoing answer, was but an answer, while the appellee contends that it was a cross-complaint.

The pleading styles itself an answer, and the appellee, in his answer, calls it an answer, but to determine its character we must look at its substance, and not at the name given to it.

It was something more than an answer, otherwise the appellant would only have been entitled to such relief under it as would have barred a recovery in the action. It concludes with a prayer for affirmative relief, and the court granted affirmative relief.

The pleading was what is styled and recognized by the statute as a counter-claim.

"A counter-claim is any matter arising out of or connected

with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." R. S. 1881, section 350.

The matters alleged in the pleading were connected with the cause of action, and might have been the subject of an action in favor of the appellant.

The theory of the appellee's answer is, that, the appellant having filed a pleading in response to the complaint, in which he sought and obtained affirmative relief, the adjudication bars a recovery in the present action, as the subject-matter of the action arises out of the same transaction as did the subject-matter of the former action.

An adjudication once had between the parties bars and cuts off all future litigation, not only as to what was actually litigated and determined, but as to all matters that might have been litigated and determined in the action. This is the established doctrine of this court from the beginning. *Fischli* v. *Fischli*, 1 Blackf. 360 ; *Richardson* v. *Jones*, 58 Ind. 240 ; *Elwood* v. *Beymer*, 100 Ind. 504 ; *Vail* v. *Rinehart*, 105 Ind. 6 ; *Kurtz* v. *Carr*, 105 Ind. 574 ; *Wilson* v. *Buell*, *ante*, p. 315.

These authorities, however, must be understood as having reference to such matters as are within the issues. *Columbus, etc., R. R. Co.* v. *Watson*, 26 Ind. 50 ; *Davenport* v. *Barnett*, 51 Ind. 329 ; *Sauer* v. *Twining*, 81 Ind. 366 ; *Stringer* v. *Adams*, 98 Ind. 539 ; *Moore* v. *State*, *ex rel.*, 114 Ind. 414.

There is another class of cases to which the doctrine of merger is applied, and when an action is once brought, tried and determined, all causes of complaint are forever cut off, whether embraced within the issues or not. Freeman Judgments, sections 240 and 372 ; *Henderson* v. *Henderson*, 3 Hare, 100 ; *City of North Vernon* v. *Voegler*, 103 Ind. 314 ; *Richardson* v. *Eagle Machine Works*, 78 Ind. 422 (41 Am. R. 584).

This is a class of cases where the gravamen of the action

is one entire, indivisible contract or wrong. In such cases the law will not allow the plaintiff to split up the various covenants or injuries and bring separate actions, but merges the contract or tort into the judgment.

But in the case under consideration we do not think the cause of action was embraced within the issues in the former action; nor are we of the opinion that there was a merger. The counter-claim charged a fraud, and demanded a rescission of the contract because of the fraud.

To a complete rescission of the contract the cause of action involved in this suit was in no way material. The right of rescission depended entirely upon the fraud charged, and the offer to put the appellee *in statu quo.* Until the contract was rescinded by a decree of the court, the appellant could not enforce collection of the money now sued for.

The right of rescission was an equitable right, but the right which the appellant now seeks to enforce is a legal right.

As all distinctions between law and equity are abolished by our code of practice, the appellant might have made the allegations of his counter-claim broad enough to have enabled him to recover the money he now sues for in the former action, but he was not required to do so.

The right of action involved in this suit was in no way before the court in the former action, and, under the issues, could not have been considered and determined.

The second paragraph of the answer was clearly bad, and the court should have sustained the demurrer to it.

As the answer is bad we are not called upon to consider the reply.

The judgment is reversed, with costs, with directions to the court below to sustain the demurrer to the second paragraph of answer.

Filed Feb. 16, 1889.