STATE EX REL. ZIFFRIN *v.* SUPERIOR COURT OF MARION COUNTY, ROOM 4, LINDER, SPECIAL JUDGE.

[No. 30,151. Filed November 17, 1961.]

*R. Stanley Lawton, Alan Lobley,* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for relator.

*John F. Linder, pro se.*

BOBBITT, J.—Relator seeks an order of this court mandating respondent to set aside a "Decree and Appointment of a Commissioner and Referee" entered on June 30, 1961, in Cause No. S-61-1169, wherein relator is plaintiff and Esther Ziffrin is defendant, or, in the alternative, to mandate respondent to grant relator's motion for a change of venue from the county.

The factual situation out of which this action arises may be summarized as follows:

On February 17, 1961, plaintiff-relator filed his complaint for partition in the Superior Court of Marion County, Room 4, seeking partition of certain real estate owned by himself and Esther Ziffrin as tenants in common.

On May 5, 1961, defendant filed an affidavit for change of judge, and the Honorable John F. Linder was selected as special judge and qualified on May 11, 1961.

On May 31, 1961, defendant, Esther Ziffrin, filed her Answer in three paragraphs. Paragraph One admitted the allegations contained in rhetorical Paragraphs One, Two and Three of the complaint, and that she was without information as to the allegations contained in rhetorical Paragraph Four. Paragraph Two alleged that plaintiff and defendant were tenants in common, that the plaintiff had received rental income for the use of some of the property described in the complaint and refused to turn over to defendant her share of the rental income. That plaintiff rents and occupies part of the property sought to be partitioned for his own use and benefit in the operation of his business and has failed and refused to pay any rental thereon to defendant. That defendant has demanded her share of the rentals and an accounting from the plaintiff who fails and refuses to comply with such demand, and that a receiver should be appointed for the purpose of collecting rentals and preserving defendant's interest pending the final outcome of the action. The prayer was for an order appointing a receiver for the purpose of collecting rentals and for an accounting from the plaintiff for all rentals collected by him, and for an order compelling the plaintiff to pay to the defendant her share of the rentals due, and for all other just and proper relief.

Paragraph Three of the defendant's Answer alleges that the property described in plaintiff's complaint cannot be divided or set-off to either party without damage to her and that said premises should be sold and the proceeds distributed to the parties as provided by law, and that a commissioner or receiver should be appointed for the purpose of selling such property pending final outcome of all of the issues in the case.

Subsequently, on May 31, 1961, relator herein and plaintiff in the action in the Superior Court of Marion County, Room 4, filed his dismissal in Cause No. S-61-1169.

On June 8, 1961, plaintiff-relator filed his motion for a change of venue from the county.

On June 12, 1961, defendant, Esther Ziffrin, filed a "Motion to Amend Counterclaim," which Motion was granted on June 29, 1961.

Also, on June 29, 1961, the defendant filed her "Motion for Default Judgment", and on June 30, 1961, the court entered by default its "Decree and Appointment of a Commissioner and Referee."

*First:* Relator asserts that when he filed his dismissal on May 31, 1961, the action terminated and respondent was without jurisdiction to proceed further in the matter.

Relator also contends that only Paragraph One of defendant's Answer was shown as filed, and that even if properly filed, Paragraphs Two and Three do not constitute a counterclaim. In our judgment all three paragraphs were properly filed.

In support of his contention that the filing of a counterclaim would not prevent a termination of the

action, relator relies upon *Holzner et al.* v. *Holzner et al.* (1874), 48 Ind. 151, 152, which case we think not applicable here because it was decided prior to the enactment of Acts 1881 (Spec. Sess.), ch. 38, §435, p. 240, being §2-1021, Burns' 1946 Replacement, which provides:

> "In any case where a set-off or counterclaim has been presented which, in another action, would entitle the defendant to a judgment against the plaintiff, the defendant shall have the right of proceeding to the trial of his claim, without notice, although the plaintiff may have dismissed his action or failed to appear."

We are governed in our deliberations here by the above statute.

A counterclaim is defined in Indiana by statute as follows:

> "A counter-claim is any matter arising out of or connected with the cause of action which might be the subject of an action in favor of the defendant, or which would tend to reduce the plaintiff's claim or demand for damages." Acts 1881 (Spec. Sess.), ch. 38, §95, p. 240, being §2-1018, Burns' 1946 Replacement.

In *Schafer et al.* v. *Schafer* (1879), 68 Ind. 374, which was an action for partition of lands, this court held that Paragraph Three of defendant's Answer in three paragraphs was properly filed as a counterclaim.

Does Paragraph Two of the Answer filed in the present case constitute a counterclaim?

Although Paragraph Two of the Answer is summarized above, we deem it of sufficient importance in the consideration of the issues here involved to set it out in full, as follows:

## "PARAGRAPH II

"For further answer to plaintiff's complaint, defendant alleges and says:

"1. That plaintiff and defendant are tenants in common of the property listed in Exhibit A of plaintiff's complaint.

"2. That plaintiff herein has received rental income for the use of some property set out in said exhibit, which is known to the plaintiff, but unknown to the defendant, and refuses to share said rental income with the defendant or give the defendant her share of the rental income.

"3. That plaintiff herein rents and occupies part of the property herein, which is more commonly known as 544 East Washington Street, for his own use and benefit in the operation of Best Beers owned solely by the plaintiff; that the plaintiff fails and refuses to pay any rental thereon to the defendant.

"4. That defendant has demanded her share of the rentals and an accounting from the plaintiff, who fails and refuses to pay defendant herein any of her share of the rentals or to account for the same.

"5. That a Receiver should be appointed for the purpose of collecting rentals and preserving defendant's interest herein pending the final outcome of this matter.

"WHEREFORE, defendant prays for an order appointing a Receiver for the purpose of collecting rentals herein and distributing such rentals to the parties herein and for an accounting from the plaintiff for all rentals collected by the plaintiff, and for an order from this Court ordering the plaintiff to pay to the defendant her share of rentals due defendant, and for all other just and proper relief in the premises."

Whether or not a pleading is a counterclaim is not determined by the designation given it, but by the

material facts stated therein. *Cleveland, etc., R. Co.* v. *Rudy* (1909), 173 Ind. 181, 186, 89 N. E. 951; *Wright* v. *Anderson* (1889), 117 Ind. 349, 353, 20 N. E. 247; *Mills et al.* v. *Rosenbaum et al.* (1885), 103 Ind. 152, 154, 2 N. E. 313; 23 I. L. E., Pleading, §83, p. 315.

It seems clear to us that the facts stated in Paragraph Two of the Answer herein are connected with the cause of action and are such as constitute an action in favor of the defendant, Esther Ziffrin, and it concludes with a prayer for affirmative relief. In our judgment it constitutes and is a counterclaim under the statutory definition thereof. Section 2-1018, *supra*; *Wright* v. *Anderson, supra* (1889), 117 Ind. 349, 353, 20 N. E. 247; *Mills et al.* v. *Rosenbaum et al., supra* (1885), 103 Ind. 152, 154-155, 2 N. E. 313.

The facts alleged in Paragraphs Two and Three of defendant's Answer would, upon proper proof, entitle the defendant, Esther Ziffrin, to a judgment against the plaintiff-relator herein, and under such circumstances a dismissal of the action by the plaintiff does not operate as a dismissal of Paragraphs Two and Three of defendant's Answer herein. Section 2-1021, *supra; Whitcomb* v. *Stringer* (1903), 160 Ind. 82, 87, 66 N. E. 443; *Judd* v. *Gray, Gdn.* (1901), 156 Ind. 278, 284, 59 N. E. 849; *Watts, Trustee, et al.* v. *Sweeney et al.* (1891), 127 Ind. 116, 127, 22 Am. St. Rep. 615, 26 N. E. 680; 10 I. L. E., Dismissal, §18, p. 392.

*Second:* Since we have determined that the action (Cause No. S-61-1169) was not terminated by the filing of plaintiff-relator's dismissal, we next consider the ruling of the trial court on plaintiff-relator's motion for a change of venue from the county.

Plaintiff-relator attempted to appear specially and file his motion for a change of venue from the county. Since the action was not at that time terminated the trial court had jurisdiction of the person of plaintiff-relator which it had acquired by the filing of his complaint.

The affidavit for a change of venue from the county is in proper form and was timely filed. Under such circumstances the court has no discretion in the matter and must grant the change. *State ex rel. Bradshaw* v. *Probate Ct.* (1947), 225 Ind. 268, 271, 73 N. E. 2d 769; *State ex rel. Lindsey* v. *Beavers* (1947), 225 Ind. 398, 401, 75 N. E. 2d 660.

The alternative writ of mandate heretofore issued is made absolute.

Achor, Arterburn and Jackson, JJ., concur.

Landis, C. J., concurs in result.

NOTE.—Reported in 177 N. E. 2d 898.