**ESTATE OF Virginia McCULLOUGH, Deceased,**

**Larry L. WALSMAN, Executor Defendant-Appellant,**

v.

**Royce McCULLOUGH, Plaintiff-Appellee.**

No. 1–1185A296.

Court of Appeals of Indiana, First District.

May 21, 1986.

Rehearing Denied June 30, 1986.

---

Robert E. Marshall, Shelbyville, for defendant-appellant.

Jack R. Shields, Batesville, for plaintiff-appellee.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant, the Estate of Virginia McCullough (the Estate), appeals from an adverse judgment rendered in the Decatur Circuit Court in favor of appellee, Royce McCullough (Royce), on his complaint to recover certain expenses incurred by him on behalf of the Estate. We reverse and remand.

## FACTS

Virginia L. McCullough (decedent) and her husband Royce owned approximately 155.35 acres of land in Decatur county as tenants-in-common. During their marriage and subsequent to decedent's death, on October 22, 1982, Royce conducted farming operations on the property. Decedent's will, which was admitted to probate on October 25, 1982, gave Royce a life estate in ⅓ of decedent's ½ share of the property.

On November 3, 1983, the Estate filed suit seeking partition of the property. Then, on July 30, 1984, the Decatur Circuit Court entered judgment ordering that the property be sold and the profits divided. The property was ultimately sold to Royce for $131,900.00 at a public sale held in the fall of 1984. The commissioner's final report was approved by the trial court on December 14, 1984, without any objection.

On October 18, 1984, Royce filed a three count complaint in the Decatur Circuit Court. Count I purported to seek recovery of expenses paid on behalf of the Estate by

Royce for the Estate's share of the November 1982 and November 1984 mortgage payments to the Federal Land Bank, farm operating expenses for 1983, and 1984 real estate taxes for the property. Count II sought to recover decedent's medical and funeral expenses paid by Royce. Finally, Count III requested damages allegedly resulting from the Estate's apparent refusal to permit Royce to plant approximately 35 acres of the property in the Spring of 1983.

The Estate filed its motion to dismiss Royce's complaint on February 26, 1985. This motion asserted that Counts I and III were compulsory counterclaims in the earlier partition suit and were required to be raised in that action.[1] Additionally, the motion contended that Count II sought to assert claims against the estate after five months following the first publication of notice of administration of decedent's estate.[2] The trial court subsequently granted the Estate's motion to dismiss Count II but denied its motion to dismiss Counts I and III. In May 1985, the Estate filed its answer and counterclaim for certain rental payments.

On July 19, 1985, the trial court entered specific findings of fact and conclusions of law. The court found in favor of Royce on Counts I and III of his complaint and against the Estate on its counterclaim for rents. Subsequently, the Estate perfected this appeal.

### ISSUE

Resolution of this appeal requires discussion of only the following issue:

Whether Counts I and III of Royce's complaint were in fact compulsory counterclaims in the earlier partition action initiated by the Estate thus barring their prosecution here.

### DISCUSSION AND DECISION

The Estate essentially contends that the trial court erred in denying its motion to dismiss Counts I and III of Royce's complaint because those claims were compulsory counterclaims in its earlier partition action. Hence, Royce's failure to assert them there bars their use in the present suit. Royce, on the other hand, makes two arguments in support of the court's action. First, he asserts that the only issues in a partition action are the respective ownership interests of the parties in the real estate and whether that real estate is subject to division without damage to the cotenants. The claims raised in his complaint, he contends, are unrelated to these issues and were, at most, permissive counterclaims in the partition action. In addition, Royce urges that the claims embodied in Counts I and III of his complaint had not matured at the time of the earlier action. Thus, he continues, they were not compulsory counterclaims to the Estate's petition for partition. These arguments, however, demonstrate at least a partial misunderstanding of the nature of both partition actions and compulsory counterclaims.

■ Compulsory counterclaims are generally defined in Indiana Rules of Procedure, Trial Rule 13(A). That rule states in relevant part:

"A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject-matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

The appellate courts of this state have defined four basic requirements under this rule. A claim is barred, pursuant to Trial

---

1. The Estate originally also asserted that the claims set out in Count I were barred by Indiana Code section 29–1–14–1 (Burns Supp.1985), because they were not filed within five months of the date of the first published notice to credi-

tors. It has not pursued this argument on appeal.

2. *See* Indiana Code sections 29–1–1–3 (defining "claims") and 29–1–14–1(a) (Burns Supp.1985).

Rule 13(A), if it is not asserted in the initial action, and:

(1) it arose out of the same transaction or occurrence which is the subject of the initial claim;

(2) it was mature at the time the counterclaimant was required to file his responsive pleading in the initial action;

(3) it did not require the presence of third parties over whom the trial court lacked jurisdiction; and,

(4) it was filed after the initial claim was reduced to judgment. *Data Processing Services, Inc. v. L.H. Smith Oil Corp.* (1986) Ind.App., 492 N.E.2d 314; *see also Daube and Cord v. LaPorte County Farm Bureau* (1983), Ind.App., 454 N.E.2d 891, 892–93; *Rees v. Panhandle Eastern Pipe Line Co.* (1983), Ind.App., 452 N.E.2d 405, 408, *trans. denied; Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 588–89, 364 N.E.2d 1024, 1035, *trans. denied.* Royce's arguments concern only the existence of two of these requirements.

■ We must determine initially whether the claims asserted in Royce's complaint arose out of the same transaction or occurrence which was the subject matter of the Estate's partition action. The courts of this state have held that the phrase "transaction or occurrence" is to be given a broad definition so as to effectuate the rule's intended purpose of avoiding multiple lawsuits between the same parties arising from the same event or events. *Daube and Cord,* at 892–93; *Middelkamp,* at 588, 364 N.E.2d at 1035. Consequently, our courts have adopted the position that two causes of action arise from the same transaction or occurrence when there is a logical relationship between them. *Hayes v. Harris* (1985), Ind.App., 479 N.E.2d 1359, 1360; *Middelkamp,* at 588, 364 N.E.2d at 1035; *see also* 6 C. Wright and A. Miller, Federal Practice and Procedure § 1410 (1971) [here-

inafter *Wright and Miller*] (setting out this and three other possible definitions for transaction or occurrence). One federal court has defined "logical relation" as existing when the counterclaim arises from the same "aggregate of operative facts" in that the same operative facts serve as the basis for both claims or the aggregate core of facts upon which the claim rests activates additional legal rights in the defendant. *Plant v. Blazer Financial Services, Inc.* (5th Cir.1979), 598 F.2d 1357, 1361; *see also Moore v. New York Cotton Exchange* (1926), 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750, 757, (establishing "logical relationship test" under Equity Rule 30, forerunner of our Trial Rule 13(A)); *Revere Copper and Brass, Inc. v. Aetna Casualty and Surety Co.* (5th Cir.1970), 426 F.2d 709, 715 (containing excellent discussion of *Moore* on which *Plant* was based); *Great Lakes Rubber Corp. v. Herbert Cooper Co.* (3d Cir.1961), 286 F.2d 631, 633–34.[3] This standard best accomplishes the goal of Trial Rule 13(A) by providing a flexible analytical framework. *Plant,* at 1361.

Clearly, all of the claims raised in Counts I and III of Royce's complaint were logically related to the Estate's partition action under the definition employed in *Plant.* Opinions from this and other jurisdictions demonstrate that all claims between co-tenants, arising as a result of the co-tenancy relationship, should be resolved when partition is sought. In *Elwood v. Beymer* (1884), 100 Ind. 504, a defendant filed a cross-complaint seeking the payment of certain debts owed by plaintiffs relative to their co-tenancy. Our supreme court held, however, that the defendant's claims were barred by res judicata because they might have been litigated in an earlier partition suit in which the present parties were co-defendants. *Id.* at 509. *See also* 6 *Wright and Miller* at § 1410 (discussing doctrine of res judicata as one possible definition of

---

**3.** Although *Hayes* purports to follow the "logical relationship" test adopted in *Middelkamp,* it used language more indicative of the "substantial identity of evidence" test. *See* 6 *Wright and Miller,* at § 1410, p 42. That approach seems to us to be much narrower and less flexible than

the "logical relationship" approach taken in *Middelkamp. See* 6 *Wright and Miller,* at § 1410, pp. 45–46. Thus, we follow that definition of "logical relationship" adopted by most jurisdictions. *Plant,* at 1361.

transaction or occurrence). A more recent opinion, *State ex rel. Ziffrin v. Superior Court* (1961), 242 Ind. 246, 177 N.E.2d 898, arrived at a similar result. The court concluded there that, under the version of Trial Rule 13(A) then in force, a claim for rentals was connected with plaintiff's partition action and, hence, was a proper counterclaim. *Id.* at 252, 177 N.E.2d at 900. Our courts have reached similar conclusions in a variety of circumstances. *See Isbell v. Stewart* (1890), 125 Ind. 112, 115, 25 N.E. 160, 161 (could not collaterally attack trial court's judgment in partition suit distributing proceeds of sale); *Alleman v. Hawley* (1888), 117 Ind. 532, 534, 20 N.E. 441, 441 (claim for improvements and taxes paid should have been filed with answer and entire partition action tried together instead of in piecemeal fashion); *Egolf v. Bryant* (1878), 63 Ind. 365, 367 (defendant's claim for monies he paid on mortgage to prevent foreclosure was proper counterclaim in partition action); *Stafford v. Nutt* (1871), 35 Ind. 93, 96 (cross-petition for improvements should have been filed prior to judgment for partition); *Martindale v. Alexander* (1866), 26 Ind. 104, 106 (cross-complaint for improvements proper in partition action). Other jurisdictions also appear to endorse this approach. In *Latham v. Allison* (1977), Tex.Civ.App., 560 S.W.2d 481, the Texas Court of Civil Appeals dealt with a situation similar to the one now before us. Under a rule nearly identical to Trial Rule 13(A), the court held that set-offs for income taxes, old debts, expenses and attorney's fees paid by defendant for plaintiff's benefit were compulsory counterclaims in plaintiff's partition suit. *Id.* at 482. Defendant's failure to raise them in that proceeding resulted in their waiver. *Id.* Therefore, we must conclude that the claims embodied in Counts I and III of Royce's complaint arose from the same transaction or occurrence that formed the basis for the Estate's partition action.

■ Royce also argues that the claims he asserted in Counts I and III were not mature at the time of the Estate's partition action and, hence, were not compulsory counterclaims in that suit. With this argument we must, at least in part, agree. As we discussed above, one of the requirements under Trial Rule 13(A) is that the counterclaim be mature at the time the counterclaimant is required to file his responsive pleading. *Data Processing Services*, at 317, *Daube and Cord*, at 893; *Berkemeier v. Rushville National Bank* (1984), Ind.App., 459 N.E.2d 1194, 1199. At the time Royce was required to file his answer in the Estate's partition action, his claims for the November 1984 mortgage payment to the Federal Land Bank and for the 1984 real estate taxes had not yet matured. Thus, they were at most permissive counterclaims under Trial Rule 13(E). Clearly, however, each of the other claims asserted in Royce's complaint had matured by the date he was required to answer the Estate's petition for partition.

We hold that each of the claims embodied in Counts I and III of Royce's complaint, except those for the November 1984 mortgage payment and 1984 real estate taxes, were in fact compulsory counterclaims in the Estate's partition action. Therefore, his failure to assert those claims in the earlier suit results in their waiver here. *Middelkamp*, at 586, 364 N.E.2d 1034; 6 *Wright and Miller* at § 1417. This result is supported by the policy underlying Trial Rule 13(A) in particular and our procedural scheme in general. That policy requires all claims arising from the co-tenancy relationship to be resolved in a single action terminating that relationship thus avoiding multiple lawsuits. *See Latham*, at 485.

The judgment of the trial court, except insofar as it concerns the November 1984 mortgage payment to the Federal Land Bank and 1984 real estate taxes, is reversed.

Reversed and remanded for correction of the judgment in accordance with this opinion.

ROBERTSON, P.J., and NEAL, J., concur.