OPINION
PSN Healthcare, Inc. appeals from a summary judgment of dismissal of six of its eight claims against Pamela Bilinski. PSN dismissed the remaining two claims thereby making the summary judgment ripe for appeal. We will affirm. (Although the case caption spells the appellee's name "Belinski," the proper spelling appears to be "Bilinski").
The parties entered into an agreement October 15, 1997, whereunder Bilinski sold her business — Business Alternatives, L.L.C. — to PSN. Thereafter, the parties had a falling out which resulted in Bilinski filing an amended complaint against PSN and its CEO, Roland Ashby, Sr., in the Vanderburgh Circuit Court in Indiana July 13, 1999. PSN filed a complaint against Bilinski in the Montgomery County, Ohio, Court of Common Pleas February 2, 2000. On August 9, 2000, the Indiana court rendered a default judgment in favor of Bilinski and against PSN on Bilinski's amended complaint. (PSN and Ashby had appeared in the Indiana proceeding).
Thereafter, Bilinski moved for summary judgment of dismissal of PSN's Ohio complaint, asserting that the Ohio complaint was barred by res judicata because the claims were compulsory counterclaims under Indiana law that should have been asserted in the Indiana proceeding. The trial court agreed as to the first six claims and granted summary judgment of dismissal of those claims. After dismissing its remaining claims, PSN prosecuted this appeal, wherein it asserts a single assignment of error — that the trial court erred in rendering summary judgment — and two issues for review:
 WHETHER APPELLANT'S CLAIMS SHOULD BE BARRED BY THE DOCTRINE OF RES JUDICATA WHEN THE APPELLANT'S CLAIMS ARISE FROM A DIFFERENT AGGREGATE OF FACTS THAN THOSE OF AN EARLIER CLAIM FILED IN ANOTHER JURISDICTION.
 WHETHER APPELLANT'S CLAIMS SHOULD BE BARRED BY THE DOCTRINE OF RES JUDICATA WHEN APPELLANT'S CLAIMS WERE FILED BEFORE AN EARLIER CLAIM WAS REDUCED TO JUDGMENT.
The parties agree that Indiana law applies to the resolution of these issues. Holzemer v. Urbanski (1999), 86 Ohio St.3d 129. We will discuss PSN's issues for review in reverse order.
PSN contends that because it filed its Ohio complaint before Bilinski obtained her default judgment in Indiana, res judicata did not bar its Ohio claims. PSN contends that Indiana intermediate appellate courts have so construed Indiana Rule 13(A) dealing with compulsory counterclaims, which is identical to Ohio Civ.R. 13(A).
PSN represents that the following formulation represents the current state of Indiana law:
 Under Indiana law, four basic requirements must be met in order for a claim to be precluded under Indiana Rule 13(A). Pursuant to this Rule, a claim not asserted in the original action will be barred only if:
 "(1) it arose out of the same transaction or occurrence which is the subject of the initial claim;
 "(2) it was mature at the time the counter-claimant was required to file his responsive pleading in the initial action;
 "(3) it did not require the presence of third parties over whom the trial court lacked jurisdiction; and
 "(4) it was filed after the initial claim was reduced to judgment." See Estate of McCullough, 492 N.E.2d 1093 (Ind.App. 1986), citing Data Processing Services, Inc. v. L. H. Smith Oil Corp., 492 N.E.2d 314 (Ind.App. 1986).
(Emphasis in PSN's appellate brief).
Bilinski contends that the following is the proper formulation of Indiana law:
 Under Indiana law, there are four elements of res judicata:
 1) The former judgment must have been rendered by a court of competent jurisdiction;
 2) The matter now in issue was, or might have been, determined in the former suit;
 3) The particular controversy adjudicated in the former action must have been between the parties to the present suit; and
 4) Judgment in the former suit must have been rendered on the merits.
Foursquare Tabernacle Church of God in Christ v. State Board of Tax Commissioners (1990)[,] 550 N.E.2d 850, 851-52, citing State Exchange Bank of Culver v. Teague (1986), 495 N.E.2d 262, 266.
The Data Processing case, decided by Indiana's fourth appellate district April 28, 1986, states that the second and third districts [Indiana has four appellate districts] have also adopted the rule that the subsequent claim is not barred if it is filed before the initial claim is reduced to judgment. Estate of McCullough, a first district case, was decided June 30, 1986. Interestingly, State Exchange Bank of Culver, upon which Foursquare Tabernacle relies, is a third district case decided July 24, 1986, after Data Processing and Estate of McCullough.
We find it unnecessary to resolve this interesting question of Indiana jurisprudence because PSN did not assert the position it now espouses in the trial court. Indeed, PSN, as had Bilinski, represented that the appropriate formulation was the Foursquare Tabernacle formulation. See PSN's memorandum contra Bilinski's motion for summary judgment, p. 4. The trial court utilized the Foursquare Tabernacle formulation, and any claim of error in its having done so is waived.
Turning to the question of whether PSN's Ohio complaint contained compulsory counterclaims that PSN was required to assert in the Indiana proceeding, the critical issue was whether PSN's claims "ar(ose) out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ." The trial court provided a comprehensive discussion of Bilinski's Indiana claims, PSN's Ohio claims, and its rationale for concluding that PSN's claims were compulsory claims under Indiana law:
 On October 15, 1997, Bilinski and PSN entered into an agreement ("the Agreement") whereby Bilinski agreed to sell her business, Business Alternatives, to PSN in exchange for PSN stock and two years of employment with PSN. On July 13, 1999, Bilinski filed an amended complaint ("the Indiana complaint") against PSN and Roland Ashby in the Vanderburgh, Indiana Circuit Court, Cause No. 82C01-9903-CP-105 ("the Indiana action"). She pled five counts. The first count was directed against both defendants for defamation. The second count was directed against both defendants for fraud in the inducement and breach of fiduciary duty, the underlying facts of which concerned negotiations leading up to the Agreement, as well as conduct by parties subsequent to the Agreement's execution. The third count was a restatement of the second count, with the added allegation that the defendants' actions constituted criminal activity for which certain greater damages should be awarded. The fourth count was directed against PSN for breach of the Agreement. The fifth count was directed against PSN for a violation of an Indiana statute concerning PSN's alleged failure to pay certain agreed upon wages and vacation time.
 On February 2, 2000, PSN filed its Complaint with this Court, naming Bilinski and Marvin Poeling Defendants. PSN pled eight counts. Generally, the basis for the Complaint against Bilinski concerns the Agreement which was at the heart of Bilinski's Indiana action. The basis for the Complaint against Poeling concerns a separate agreement that was not at issue in Bilinski's Indiana action. The first count is directed against both Defendants for wrongfully retaining the corporate records of their respective businesses in contravention to the terms of their respective agreements with PSN. The second count, although vague, appears to be a request for injunctive relief against both Defendants to produce the corporate records. The third count is directed against both Defendants, alleging independent acts of fraudulent misrepresentation concerning their respective agreements with PSN. The fourth cause of action is directed against Bilinski for fraudulent misrepresentation concerning a subsequent agreement between Bilinski and PSN in which Bilinski allegedly agreed to delay presenting certain paychecks for payment. The fifth count is directed against Bilinski for breach of that subsequent agreement. The sixth count is directed against Bilinski for breach of her fiduciary duties, however, the Complaint itself does not make clear the particular grounds on which this count is based. The seventh count is directed against Bilinski for conversion of property subsequent to coming into the employ of PSN. The eighth count is for punitive damages against both Defendants.
* * *
Where a court of competent jurisdiction has rendered final judgment on the merits, and the same general matter is raised in a subsequent action between the same parties or their privies, the subsequent action is barred. See, e.g., Foursquare Tabernacle Church of God in Christ v. State Bd. of Commrs. (Ind.Tax 1990), 550 N.E.2d 850. In Indiana (as in Ohio), for purposes of reviewing a defense of res judicata, a default judgment is considered to be on the merits. See, e.g., Foursquare, supra, at 852 (citing Patterson v. State (Ind. 1859), 12 Ind. 86, 88; accord Federal Deposit Ins. Corp. v. Willoughby (1984), 19 Ohio App.3d 51, 53. Pursuant to Indiana Rule 13(A), a counterclaim must be raised if its subject matter stems from the same "transaction or occurrence that is the subject-matter of the opposing party's claim." Indiana courts have construed Rule 13(A) to require that a counterclaim be brought when its subject matter is "logically related" to that of the opposing party's claim. See, e.g., Reddick v. Carfield (Ind.App. 1995), 656 N.E.2d 518,522; Broadhurst v. Moenning (Ind.App. 1994), 633 N.E.2d 326, 331. "A logical relationship exists when the [potential] counterclaim arises from the same aggregate of operative facts as the opposing party's claim." Broadhurst, supra, at 331. (citation and internal quotation marks omitted). As in Ohio, the purpose of Rule 13(A) is to promote judicial economy: "the purpose behind the rule is to avoid multiple lawsuits between the same parties arising from the same event or events." Id.
* * *
The threshold question is whether, or to what extent, PSN's action arises out of the same transaction or occurrence as that which gave rise to Bilinski's Indiana action. The default judgment order in the Indiana action, as is typically the case, does not lay out specific findings of fact, but found in general that the uncontested evidence adduced by Bilinski supported a judgment in her favor. This Court presumes that the judgment was to her entire claim, and the award of damages supports that presumption.
Therefore, the Court will look to the "aggregate of operative facts" of Bilinski's Indian[a] action to determine the scope of the default judgment's impact on PSN's claim against Bilinski. It is not enough that the parties are the same; the subject matter of the respective claims must "logically relate." Count one of PSN's Complaint, which seeks damages for Bilinski's failure to produce corporate documents Business Alternatives [sic] as PSN alleges she was required to do, is barred. To decide the merits of this count the Court would have to inquire into the October 15, 1997 agreement between Bilinski and PSN. This, in turn, would require the Court to revisit the subject matter of Bilinski's fourth count against PSN in the Indiana action. Indiana Rule 13(A) prevents the Court from doing so. Count two of PSN's Complaint is also barred as it merely seeks the equitable adjunct to the relief sought in count one.
Count three of PSN's Complaint, which seeks relief for misrepresentations inducing PSN to enter into the Agreement, is barred because deciding its merits, as well, would require the Court to delve into the merits of Bilinski's Indiana action. PSN's fourth count at first appears related to a separate agreement — one that PSN and Bilinski entered into during Bilinski's employment with PSN, after the (purchase) Agreement had already been consummated. In count four, PSN seeks relief for misrepresentations allegedly made by Bilinski inducing PSN to issue paychecks with the expectation that Bilinski would not present them for payment until a later date (when PSN had attained solvency). This subsequent agreement, however, was put into issue by Bilinski in counts two through five of her Indiana complaint. Therefore, PSN's fourth count is barred. PSN's fifth count, for breach of the Agreement, is barred because it expressly concerns the merits of the Agreement — subject matter at the heart of the Indiana action. The sixth count of PSN's Complaint is vague and indefinite. However, as it states nothing new, and refers, by incorporation, only to the facts raised in counts one through five, by implication it must also be barred.
(Footnote omitted.)
In our judgment, the trial court accurately characterized the parties' claims, and properly determined that PSN's claims were compulsory counterclaims under Indiana law and were thus barred by res judicata from being presented in the Ohio court.
The assignment of error is overruled.
FAIN, J. and YOUNG, J., concur.